STATE of Missouri, Plaintiff-Respondent,

v.

Carl James BOLLINGER, Defendant-Appellant.

No. 37647.

Missouri Court of Appeals, St. Louis District.

April 19, 1977.

Albert C. Lowes, David G. Beeson, Buerkle, Buerkle & Lowes, Jackson, for defendant-appellant.

A. J. Seier, Pros. Atty., William L. Syler, Asst. Pros. Atty., Cape Girardeau, for plaintiff-respondent.

RENDLEN, Judge.

Carl James Bollinger appeals his conviction of driving in excess of 55 miles per hour, alleging as error: (1) that evidence of speed determined by a radar device was inadmissible because the device and its testing systems had not been properly checked for accuracy; (2) improper admission of hearsay evidence concerning defendant's speed and vehicle description; (3) prejudicial limitation of appellant's cross-examination relative to bias and personal interest of the state's witness; and (4) the court's improper refusal of defendant's offered instructions.

On April 5, 1975, highway patrolmen John Norman and Sgt. Edwin Wright set up a radar speed check on East-West Highway # 72 in Cape Girardeau County. Norman operated a hand-held radar device from the front seat of his automobile positioned on a gravel road about 150–200 feet south of the highway, while Wright, in another car, located over the crest of a hill about one-fourth mile west of Norman's position, served as the pickup and arresting officer. Shortly before the arrest, Norman had checked the speed gun with an internal calibration device and a tuning fork. The first test was performed by pushing a button on the gun, activating the internal calibration device and noting the digital readout. If the "proper" number appeared, the test was considered complete. The tuning fork used in the second test was designed to vibrate at a given frequency which translated to miles per hour when held before the radar gun. If the radar gun read the "correct" speed, i. e. that corresponding to the frequency of the fork, the device was deemed functional and accurate. Norman admitted that neither the internal calibration device nor the tuning fork had been checked for accuracy at any time after receipt from the manufacturer.

At about 5:10 p. m. appellant, driving a pickup truck west on Highway # 72, was shown by the radar to be traveling 66 miles per hour. Norman radioed the speed and description of appellant's vehicle whereupon Wright flagged down appellant and issued the speeding violation summons.

Appellant contends the radar evidence was inadmissible as no sufficient showing had been made that either of the devices used to test the radar were themselves accurate. This contention must be sustained. In *City of Ballwin v. Collins*, 534 S.W.2d 280–81[1, 2] (Mo.App.1976), it was held, that as a foundation for radar speed evidence, the speedometer must have been carefully checked for accuracy at or near the time of its use in traffic regulation and the testing equipment also adequately tested. Here as in *Collins*, though an internal calibration and a tuning fork test had been performed, neither of the testing devices had been checked. Additionally in *Collins*, a patrol car was driven through the check zone at a constant speed to test the radar equipment but the car's speedometer had not been recently tested. The court held, as we do here, that tests performed with devices whose accuracy had not been shown,[1] would not render radar speed evidence admissible. For this reason the judgment

---

1. In the case at bar, the state's witness testimony that a "certified tuning fork which comes from the factory" was used to test the machine fails to fill acceptable testing requirements.

must be reversed. Trooper Norman testified, that though he could not state the exact speed of defendant's truck, he was able to form an opinion independent of the radar gun, that appellant was exceeding the lawful limit. While questions remain whether a proper foundation had been laid for this opinion evidence, we cannot say that on retrial the state will be unable to present a submissible case. *Compare City of Ballwin v. Collins, supra* at 281; *City of St. Louis v. Boecker*, 370 S.W.2d 731, 737[6] (Mo.App.1963). Accordingly the cause is remanded for retrial. *State v. Sockel*, 490 S.W.2d 336, 340[6] (Mo.App.1973).

■ Turning to matters which may reoccur on retrial, appellant argues his arrest was illegal as the offense charged was a misdemeanor not committed in the presence of the arresting officer whose only knowledge of the offense was that received in the radio transmission from the radar officer. Section 43.195, RSMo 1969, provides: "Any member of the Missouri State Highway Patrol may arrest on view, and without a warrant, any person he sees violating or whom he had reasonable grounds to believe has violated any law of this state relating to the operation of motor vehicles." Radio communications from police officers have been recognized as sufficient to establish probable cause, *State v. Ward*, 457 S.W.2d 701, 706 (Mo.1970), thus the evidence supports the warrantless arrest.

■ Appellant contends however that Wright's testimony of Norman's radioed description of appellant's car and the speed of that car was inadmissible hearsay. The court properly struck Wright's testimony that Norman had radioed that Bollinger was driving "66 miles per hour". Other portions of Wright's testimony concerning Norman's radio transmissions were similarly subject to proper objection as hearsay and appellant's contention in this regard is well taken and should be so regarded in any further proceedings.

For his next point, appellant correctly states that a witness' interest in the result of the action or his bias in favor or against any of the parties may be shown as bearing on the witness' credibility. Measured against this general principal, it appears the trial court may have unduly restricted appellant's cross-examination of the state's principal witnesses. Appellant sought to impeach the state highway patrolman by presenting evidence of the alleged "quota system" for arrests and its relation to the Highway Patrol promotion system. During this cross-examination, appellant was permitted to develop that the Highway Patrol does record and apparently disseminates information concerning the number of each trooper's monthly arrests or "contact[s] with the public". While the court restricted further cross-examination on this subject, it is doubtful from the record if additional facts relating to an alleged "quota system" and its possible connection to a Highway Patrol promotion system could have been established by that witness. While such facts, if they exist, might be shown by other witnesses, the question need not be considered further on this appeal as the issue may not occur in the same manner on retrial.

Finally, appellant contends the court erred refusing all of his requested instructions. The court's refusal to give proper instruction offered by the defendant on retrial would be error, *State v. Kramme*, 491 S.W.2d 24, 27 (Mo.App.1973), the prejudicial effect of which could well serve as a basis for setting aside a verdict.

The cause is reversed and remanded.

McMILLIAN, P. J., and STEWART, J., concur.