**STATE of Missouri, Respondent,**

v.

**David HUGHES, Appellant.**

No. 50212.

Missouri Court of Appeals,
Eastern District,
Division Ten.

June 24, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied July 23, 1986.

**12**

Stormy B. White, Asst. Public Defender, Office of Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Presiding Judge.

Defendant was convicted of stealing, third offense, a class C felony. Section 570.040, RSMo 1978. The trial court, having found defendant to be a persistent offender as defined in Section 558.016, RSMo Cum.Supp.1984, sentenced him to imprisonment for a term of five years. Section 557.036, RSMo Cum.Supp.1984. Defendant appeals; we affirm.

State's witness Tracey Portnoy testified that, on May 8, 1984, she was employed as a sales clerk in a "beauty care discount store" in Clayton, Missouri. The principal business of the store was to sell equipment to hairdressers. At approximately 1:00 p.m. on that date, a man entered the store and engaged her and the other clerk on duty in a conversation near the front of the store. Several minutes later, defendant entered the store and walked toward the rear. When the first man left, Portnoy looked for the defendant. As she was doing so, defendant emerged from a door bearing a sign "Employees Only," which closed off the employees' area from the part of the store open to customers and the public. Portnoy quickly checked the employees' area and found that her purse, previously on a shelf inside the door, had been emptied on a bathroom floor. Eighty dollars had been removed from the purse, and Portnoy ran after the defendant. After a short distance, Portnoy gave up the chase, returned to the store, and called the police. Defendant was apprehended by the police a short distance from the store. At the time of his arrest, he had $68 in his right front trouser pocket. Portnoy was escorted to the place where defendant had been apprehended. She identified him then, as she did at the trial.

Testifying on his own behalf, defendant stated that he had gone to the store on the day in question intending to have his "hair done." He realized that the front part of the store was used for sales of merchandise. He then entered the rear of the store through the door bearing the "Employees Only" sign. He said he saw the sign, but could not read it because of a reading disability. When he determined that, "it wasn't no beautician place where they do hair at," he returned to the front of the store. He denied taking anything from the purse. He explained that he ran from the store "because the lady looked at me strange."

By information, defendant was charged in Count I with burglary in the second degree. In Count II, he was charged with stealing, third offense, in that he had appropriated United States currency of Ms. Portnoy without her consent, that on November 21, 1979, he was convicted of the offense of stealing, said offense having been committed on November 9, 1979, and that on November 21, 1979, he was also convicted of the offense of stealing, said offense having been committed on September 13, 1979. By amendment to the information, defendant was charged with being a persistent offender in that he had previously been convicted of two felonies unrelated to the two stealing offenses charged in Count II.

Defendant was acquitted of the burglary charge and, as stated above, convicted of stealing, third offense. Defendant's sole point on this appeal is his contention that the trial court erred in denying his motion for a directed verdict on the charge of stealing, third offense, because the State failed to prove beyond a reasonable doubt that he had been convicted of the two prior stealing offenses as charged.

With the consent of defense counsel, the prosecutor was granted leave to suspend presentation of his case in chief after two police officers and Ms. Portnoy testified. He specifically reserved the right to reopen his case "at the convenience of the Court" in order to present evidence concerning defendant's prior convictions. The defense was then presented, including the defendant's own testimony. On direct examination, defendant's counsel elicited

from him the fact that he had been "convicted of some other crimes." He was then asked by his counsel, "What are those crimes?" His response: "Tampering with automobiles, stealing over, two stealing under, and carrying a concealed weapon."

On cross-examination, the prosecutor inquired specifically about the convictions referred to in Count II of the information:

Q You indicated that you only had two stealing under offenses; is that correct?

A Of my knowledge.

Q Well, if I indicated to you that the court records show that on November 21st, 1979, you were convicted of Stealing in Division 32, would that be correct?

A Yes.

Q Of this court—of this circuit?

A Yes.

Q If I told you also on the same date you were convicted in a separate charge of Stealing in Division 37, would that be correct?

A Yes, sir.

Q And also—those are both misdemeanors, correct?

A Right.

■ Upon the re-opening of the prosecution's case out of the presence of the jury, as mandated by § 570.040, the prosecuting attorney requested that the trial court take judicial notice of an associate circuit court file from the same circuit, containing a memorandum of a plea of guilty by the defendant to stealing under $150, signed by defendant's attorney and the judge. Defendant argues that the memorandum is insufficient to prove the prior conviction. Defendant does not appeal the trial court's finding with respect to defendant's other stealing conviction. We note, however, that the memorandum has not been made a part of the record for our information and inspection. Although the memorandum is mentioned in the transcript of the trial proceedings, the discussion therein is not clear as to what is contained in the memorandum. An allegation must be supported by the necessary records and exhibits in order to be considered on appeal. *See State v. Greathouse*, 694 S.W.2d 903, 910 (Mo.App.

1985); *State v. Morris*, 680 S.W.2d 315, 321 (Mo.App.1984).

■ With regard to defendant's specific arguments that there was no showing of a factual basis for a plea of guilty, and no showing that the plea was an informed plea, defendant waived these allegations by failing to take advantage of the remedies available to him at the time of the prior conviction, and thus a collateral attack at the present time must fail. *State v. Wilson*, 684 S.W.2d 544, 548–549 (Mo.App. 1984).

■ Finally, defendant's general admission on direct examination that he had been convicted twice of "stealing under," and his specific admission on cross-examination that he had been convicted of stealing under $150 on the occasions charged in the information, could properly be considered evidence of the prior convictions. *Kelly v. State*, 623 S.W.2d 65, 68 (Mo.App.1981). The trial judge based his finding on both defendant's testimony and the contents of the associate circuit file. We find no error on the record before us.

Judgment affirmed.

SIMON and KELLY, JJ., concur.