**Robert Alan STOKES, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 57677.

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1990.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Ted F. Frapolli, Richmond Heights, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Director of Revenue, appeals from a final order of the Circuit Court of St. Louis City setting aside the appellant's suspension of respondent's, Robert Stokes, driving privileges due to an accumulation of eight or more points in an eighteen month period.

On May 22, 1989, respondent was convicted of speeding. This was respondent's fourth speeding conviction in a three month period. The appellant sent notice to. the respondent on June 22, 1989, informing him that, because he had accumulated eight[1] or more points in an eighteen month period, his driving privileges were being suspended for thirty days.[2] On July 20, 1989, respondent filed a petition to review the proposed suspension in the Circuit Court of St. Louis City. A Stay order was granted by the court on August 23, 1989.

On September 18, 1989, this case was submitted on a stipulation of facts. The crux of respondent's argument was that one of the convictions for speeding was invalid because the prosecutor had failed to sign the ticket. As such, the respondent contends, that "conviction" could not be used as a basis upon which the appellant could assess points.

On October 26, 1989, the trial court entered its order agreeing with the respondent, ordering two points to be removed from the respondent's license, and ordering all records showing respondent to have accumulated eight points in eighteen months eliminated.

Appellant contends that the trial court erred in sustaining the respondent's petition for review and that the petition was an "improper collateral attack upon the validity of respondent's conviction for speeding." We agree, reverse and remand for further proceedings.

In *State v. Hughes*, 713 S.W.2d 11 (Mo. App., E.D.1986), the defendant was convicted of stealing, third offense. Among the defendant's allegations on appeal was a claim that one of his prior convictions for

---

**1.** The record reveals that respondent actually had accumulated nine points at this time.

**2.** See RSMo § 302.304.2 (1986).

stealing was invalid because there had been no factual basis for his plea of guilty and no showing that his plea was an informed one. In rejecting defendant's appeal, this court stated that the "defendant waived these allegations by failing to take advantage of the remedies available to him at the time of the prior conviction, and thus a collateral attack at the present time must fail." *Hughes*, 713 S.W.2d at 13.

A similar conclusion was reached in *White v. King*, 700 S.W.2d 152 (Mo.App., W.D.1985). In *White*, the defendant was convicted of his third D.W.I. offense. The Director of Revenue determined that he was, thus, not eligible for a driver's license for a ten-year period. The defendant appealed claiming that the State could not use his first D.W.I. conviction to forfeit his license in that he had not been represented by counsel at that hearing. The court there held "[h]owever invalid an uncounseled conviction may be as a predicate for a subsequent enhancement of punishment which results in imprisonment, the conviction itself—unchallenged by habeas corpus or appeal or other timely remedy to avoid the judgment—remains intact as a prima facie adjudication." *White*, 700 S.W.2d at 156.

The defendant in the present case has attempted to challenge the use of a prior conviction against him in the same manner as the defendants in *White* and *Hughes*—collaterally. Such a challenge will not be sustained in this court. There are a plethora of remedies available to a defendant at the time of the supposedly invalid conviction but if the defendant fails to exercise his rights to use these methods, his conviction stands.

This court also notes that the rationale behind the trial court's order is also in error. In *State v. Knight*, 764 S.W.2d 656 (Mo.App., E.D.1988), this court recognized that the lack of the prosecutor's signature on a complaint "is a minor defect that is waived by the defendant unless attacked in a motion to quash." *Knight*, 764 S.W.2d at 658. There was not one scintilla of evidence that the present defendant ever challenged the ticket at issue prior to these present proceedings; as such, the defect was waived and his conviction is valid. We, therefore, reverse and remand this cause for an order not inconsistent with this opinion.

REINHARD and CRIST, JJ., concur.