Richard Alan HILL,
Petitioner/Respondent,

v.

Duane BENTON, Director of Revenue,
State of Missouri,
Defendant/Appellant.

No. 58331.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 1991.

William L. Webster, Atty. Gen., Anita F. Stansfield, Sp. Asst. Atty. Gen., Jefferson City, for defendant/appellant.

Richard Alan Hill, Mexico, for petitioner/respondent.

GRIMM, Judge.

Director of Revenue appeals from the trial court's order setting aside the revocation of Richard Hill's license and driving privileges. We affirm.

Director of Revenue raises two points on appeal. First, he contends the trial court erred in setting aside the revocation of

Hill's license. Director argues Hill's petition to review was an improper collateral attack upon the validity of his conviction for failure to comply with the conditions of his hardship driving privileges. We disagree; because Hill was contesting the sufficiency of the information, a collateral attack was permissible.

Second, Director contends the trial court erred in finding Hill's conviction for failure to comply with the conditions of his hardship privileges was void, in that the information was sufficient to apprise him of the nature of the charges against him. We disagree. Hill was charged with violating § 302.309 *, which does not state an offense. Further, the information does not notify Hill that he violated any other section of the statutes which would constitute an offense.

## I. Background

On December 6, 1988, Hill was convicted of driving while intoxicated. As a result, his driver's license was revoked for one year.

Hill applied for limited driving privileges under § 302.309. On December 28, 1988, he was granted "the limited privilege of operating a motor vehicle ... from his place of residence in Mexico, Missouri, to his place of employment by VIP Delivery Systems and return, and in connection with his employment when specifically required by his employer."

On June 10, 1989, Hill received a Uniform Complaint and Summons. Under "Description of Violation" the complaint stated: "Failed to Comply with Conditions of Hardship Restricted Drivers License." Under "In violation of" was "302.309."

On July 12, 1989, Hill appeared in court and pled guilty to "the crime of fail. to comply w/conditions of hardship lic." Notice of this conviction was forwarded to the Department of Revenue. The Director of Revenue then notified Hill that his driver's license was revoked, effective January 22, 1990, because he had received 12 or more points. The notice indicated Hill had re-

ceived two points for the July 12 conviction.

On January 31, 1990, Hill filed a petition to review the revocation of his driver's license. In his petition, he alleged his license had been revoked for accumulation of twelve points in a twelve month period. However, he argued the revocation was unlawful; because the July 12 conviction upon which points were assessed is a nullity. He alleged the conviction "is not a criminal charge nor a criminal violation."

The Director of Revenue filed an answer in which he claimed Hill's petition should be dismissed, because it was an improper collateral attack. Further, the Director alleged, the conviction was a result of a criminal violation.

The trial court issued its order setting aside the revocation of driver's operator's license. The court found "the revocation was based upon an alleged conviction ... for failure to comply with conditions of hardship license." Further, the court found the July 12 "conviction to be void in that the Information failed to state an offense." Finally, the court found the rule against collateral attacks "is inapplicable where the Information is void on its face."

## II. Collateral Attack

In his first point, Director contends "[t]he trial court erred in setting aside the revocation of ... [Hill's] Missouri operator's license." He argues Hill's petition to review was "an improper collateral attack upon the validity of [Hill's] conviction for failure to comply with the conditions of his hardship driving privileges."

■ If a criminal information fails to charge a crime, "the court acquires no jurisdiction to proceed and whatever transpires after its filing is a nullity." *State v. McKinney*, 756 S.W.2d 527, 530 (Mo. banc 1988). Thus, the sufficiency of a criminal information may be collaterally attacked. *Wilson v. State*, 755 S.W.2d 324, 325 (Mo. App.E.D.1988). Furthermore, even if defendant pleads guilty, he does not waive the right to challenge the failure of the

* All statutory references are to RSMo 1986.

information to charge an offense. *Hayden v. State*, 769 S.W.2d 845, 846 (Mo.App.S.D. 1989).

Director argues it is "the fact that a conviction was entered by a court and not its validity" which mandates that the Director assess points and revoke a license. As a result, he contends collateral attacks are not permitted. In support, he cites *White v. King*, 700 S.W.2d 152, 156 (Mo. App.W.D.1985) and *State v. Hughes*, 713 S.W.2d 11, 13 (Mo.App.E.D.1986).

Neither *White* or *Hughes* is applicable. *White* involved an uncounseled conviction, while *Hughes* claimed lack of a factual basis for a plea. In both *White* and *Hughes*, the court involved in the underlying proceeding acquired jurisdiction over White and Hughes. Thus jurisdiction to proceed was not an issue.

■ Here, Hill alleged the information upon which his conviction was based failed to charge an offense. If his allegation is correct, the court involved in the underlying proceeding did not acquire jurisdiction over him. Thus, it was proper for the trial court to allow the sufficiency of the information to be challenged in a collateral attack. Point denied.

### III. Sufficiency of Information

In his second point, Director contends "[t]he trial court erred in finding that [Hill's] conviction for failure to comply with the conditions of his hardship privileges was void." He argues the information "was sufficient to apprise [Hill] of the nature of the charges against him."

■ The information charged that Hill "failed to comply with conditions of hardship restricted drivers license." Under "In violation of" was "[§] 302.309."

Section 302.309.3(2) states:

When any court of record having jurisdiction finds that a chauffeur or operator is required to operate a motor vehicle in connection with his business, occupation or employment, the court may grant such limited driving privilege as the circumstances of the case justify if the court also finds undue hardship on the individual in earning a livelihood, and while so operating a motor vehicle within the restrictions and limitations of the court order the driver shall not be guilty of operating a motor vehicle without a valid driver's license.

This section does not state that failure to comply with "the restrictions and limitations of the court order" constitutes an offense. Nor does the section provide a penalty for such failure.

Nevertheless, Director maintains that failure to comply with the restrictions of a hardship restricted drivers license does constitute a criminal offense. He points to the language "while so operating a motor vehicle within the restrictions and limitations of the court order the driver shall not be guilty of operating a motor vehicle without a valid drivers license." § 302.309.3(2).

Director suggests we look to § 302.340 which states:

Penalty for violations.—Whenever in sections 302.010 to 302.340 the doing of anything is required or is prohibited or is declared to be unlawful, any person who shall be convicted of a violation thereof shall be guilty of a misdemeanor.

Director contends this section, when read with § 302.309, provides a penalty for failing to comply with the restrictions in a hardship driver's license. However, the Director fails to acknowledge § 302.309.3(2) neither requires nor prohibits "the doing of anything", nor does it declare anything to be "unlawful"; rather, it states that a driver "shall not be guilty of operating a motor vehicle without a valid driver's license" when the driver is granted limited driving privileges.

■ Alternatively, Director contends "that when a driver has obtained a hardship limited driving privilege his driving privileges are already either revoked or suspended." Thus, by implication, the driver is either being charged with a violation of § 302.321, driving while revoked, or § 302.020, driving without a license.

We agree that if a driver's license is suspended or revoked, failure to comply with the restrictions of limited driving priv-

ilege may constitute "operating a motor vehicle without a valid driver's license" in violation of § 302.020. Arguably, such failure to comply could also be a violation of § 302.321, driving while privileges have been suspended or revoked.

■ Here, the information did not charge Hill with either of these two offenses, either by description or statutory reference. As such, the information was not sufficient to give Hill notice of the charge against him. *See State v. Drinkard,* 750 S.W.2d 630, 631 (Mo.App.S.D. 1988). Point denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.