**Fernandez R. JAMES, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 49197.**

Missouri Court of Appeals,
Western District.

Feb. 28, 1995.

Michael A. Love, Sr., Kansas City, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Before KENNEDY, P.J., and
LOWENSTEIN and HANNA, JJ.

LOWENSTEIN, Judge.

This case went to court on a petition for review filed by driver Fernandez James

---

(James) who was unhappy with the Director of Revenue's (Director) decision to revoke his driving privilege for one year. All that is clear is that the court found in favor of James, and Director appealed. The legal file is 13 pages long and the transcript is 18 pages. There was no oral argument, and all the court has to rely on is appellant's brief.

Following previous suspensions, James' license was revoked in 1991, due to excessive points assessed against his license. According to Director's records, James' license was reinstated in June 1992. In October 1992, James was stopped in Kansas City for speeding and given a ticket for driving on a suspended or revoked license. James apparently pled to the speeding charge (2 points), and was found guilty on November 24, 1992 in the Kansas City Municipal Division of the circuit court, for driving on a suspended or revoked license charge (12 points). Although Kansas City's records show he appealed the driving on a suspended or revoked charge, the record is silent on the outcome of such appeal. It is impossible to tell if the appeal was dismissed. The legal file shows that around a year later, the Director did assess the twelve points for this offense and James was suspended for thirty days effective on December 16, 1993, evidencing that the appeal, if any, was not successful in reversing the conviction. What happened from that point on is even more hazy. What is clear, however, is that James later received more traffic convictions and yet more points, until he was finally revoked again.

From these jumbled facts, the court can determine that James filed for relief in September 1994, and has obliquely attacked the twelve points from the 1992 incident. He alleged Department's records showed he had been reinstated and had a valid license when he was stopped in October 1992 for driving on a suspended or revoked license. The relief James requested, and received in this action, was to have the courts take off the twelve points assessed by Director from that conviction. The record is silent, but there is a hint that following the June 1992 reinstatement, he failed to follow the procedure of § 302.304.11, RSMo 1994, which requires a person following the period of suspension, before having their license reinstated, to pay a fee to the Director.

■ Sections 302.302 and .304 set up a scheme which allows the Director to set up a point system for various offenses, and then suspend or revoke a driver's license because of an accumulation of points within a certain period of time. The point system is a legislative of the effect of certain traffic violations, "and once the specified number of points are accumulated, the Director has no discretion ... [A]ny penalty or hardship resulting from revocation or suspension of a driver's license is but incidental, because the purpose of the statutes is the protection of the public, not primarily the punishment of the offender." *Rudd v. David*, 444 S.W.2d 457 (Mo.1969). The statutes grant the Director no discretion from revoking driving privileges where the accumulation of points meets the statutory amount. *Silman v. Director of Revenue*, 880 S.W.2d 574 (Mo.App.1994).

■ What James has attempted to do in this suit against the Director, is to collaterally attack his prior 1992 conviction. He may not now, years later in this court, go behind the propriety of that conviction in an action to set aside the result of the penalty instituted by the accumulation of points. *Stokes v. Director of Revenue*, 796 S.W.2d 887 (Mo. App.1990). As admitted in his petition, the Kansas City Municipal Court conviction remains. *White v. King*, 700 S.W.2d 152 (Mo. App.1985). That conviction invokes the statutory mandate of Director to take the necessary action, minus a successful direct appeal in the Associate Circuit Court. *Id.*

The trial court erred as a matter of law by invalidating the action of the Director. The judgment is reversed and remanded to enter judgment for the Director.

All concur.