Dale M. CRUMP, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 21442.

Missouri Court of Appeals,
Southern District,
Division One.

July 9, 1997.

Jeremiah W. Nixon, Attorney General, State of Missouri, Ronald D. Pridgin, Special Assistant Attorney General, Missouri Dept. of Revenue, for appellant.

No brief filed by respondent.

PREWITT, Judge.

Appellant Director of Revenue appeals from the trial court's judgment setting aside the decision of Appellant to suspend or revoke the operating privileges of Respondent and ordering Appellant "to reinstate the driving privileges of Petitioner herein and, further, that said Petitioner's driver's license shall forthwith be returned to Petitioner." On June 14, 1996, Respondent filed a "Petition to Set Aside Revocation of Driver's License." The body of the Petition is set forth marginally.[1]

The record reveals that within eighteen months Respondent had been convicted of speeding twice in the State of Indiana and once in Cape Girardeau County, Missouri, in violation of state laws. The latter conviction was on April 1, 1996, for a violation occurring on September 22, 1995. This required the suspension of Respondent's driving privileges. § § 302.302.1; 302.304.2, RSMo 1994; *Rudd v. David,* 444 S.W.2d 457, 459 (Mo. 1969).

1. 1. That the Petitioner is and at all time herein relevant was a resident of 104 Maxine Street, East Prairie, Mississippi County, Missouri, and the Director of Revenue is the proper party for the Missouri Department of Revenue, Driver's License Bureau.

2. That, effective June 17, 1995, Petitioner's license will be revoked, per Order of the Director of Revenue of the State of Missouri by reason of accumulation of traffic convictions.

3. That Petitioner was not driving in excess of the posted speed limit at the time of the last traffic conviction.

4. That the arresting officer did not have reasonable or probable cause to stop Petitioner for driving in excess of the posted speed limit.

WHEREFORE, the premises considered, Petitioner respectfully prays the Court to make and enter its Order pursuant to Section 577.041, RSMo., setting aside the Director of Revenue's suspension and revocation of Petitioner's driver's license for 90 days, and for such further relief as the Court shall deem just and proper.

The only witness at trial of the present matter was the highway patrolman who issued Respondent the summons in Cape Girardeau County for driving 73 in a 60–miles–per–hour zone. Respondent's rate of speed was communicated to the officer by a highway patrol sergeant in an airplane. The patrolman testified that Respondent had been "checked by the airplane and directed to the shoulder, where I was standing."

■ No arguments of counsel were made on the record, and no findings of fact were made by the court. In addition, no brief was filed by Respondent. While there is no penalty for not filing a brief, we are forced to adjudicate Appellant's claim without the benefit of whatever argument, if any, Respondent could have made. *See Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 (Mo.App.1996). In this case, particularly, it is difficult to understand the contentions of Respondent and the determination by the trial court.

If, as suggested by paragraph four of the Petition, it was because the officer issuing the summons did not have probable cause, then that flies in the face of Section 43.195, RSMo.1994. It provides:

> Any member of the Missouri state highway patrol may arrest on view, and without a warrant, any person he sees violating or who he has reasonable grounds to believe has violated any law of this state relating to the operation of motor vehicles.

In discussing that section, *State v. Bollinger*, 550 S.W.2d 214, 216 (Mo.App.1977), states:

> [A]ppellant argues his arrest was illegal as the offense charged was a misdemeanor not committed in the presence of the arresting officer whose only knowledge of the offense was that received in the radio transmission from the radar officer. Section 43.195, RSMo 1969, provides: "Any member of the Missouri State Highway Patrol may arrest on view, and without a warrant, any person he sees violating or whom he had reasonable grounds to believe has violated any law of this state relating to the operation of motor vehicles." Radio communications from police officers have been recognized as sufficient

to establish probable cause, *State v. Ward*, 457 S.W.2d 701, 706 (Mo.1970)....

However, even had there been a basis to question the legality of the traffic stop or the issuance of the summons, those contentions were waived when not raised in Cape Girardeau County. *Stokes v. Director of Revenue*, 796 S.W.2d 887, 888 (Mo.App.1990).

■ If the trial court ruled in favor of Respondent because, as suggested by paragraph three of the Petition, Respondent was not driving in excess of the speed limit, that would be a collateral attack on the Cape Girardeau County conviction. Respondent cannot collaterally attack the conviction in an action to challenge his driver's license being revoked or suspended. *James v. Director of Revenue*, 893 S.W.2d 406, 407 (Mo.App.1995); *Stokes*, 796 S.W.2d at 888. Both contentions violate this rule.

■ The judgment of the trial court pertaining to the administrative suspension of driving privileges is to be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Sherrod v. Director of Revenue*, 937 S.W.2d 751, 752 (Mo.App.1997). The convictions were undisputed and are not subject to attack in this proceeding. It is obvious here that the trial court misapplied the law.

The judgment is reversed and the cause remanded to the trial court with directions that it set aside its judgment dated October 4, 1996, and enter judgment in favor of Appellant Director of Revenue, denying Respondent the relief requested.

GARRISON, P.J., and CROW, J., concur.