**Clifton L. BROWN, Jr., Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.**

**No. 24684.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 27, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 18, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Earl D. Kraus, for appellant.

No appearance, for respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue (the director) appeals a judgment setting aside a revocation of driving privileges of Clifton L. Brown, Jr. (petitioner). This court reverses and remands with directions.

The chronology of events that produced this appeal is as follows:

November 13, 1998 Petitioner pleaded guilty to involuntary manslaughter pursuant to § 565.024.1(2), RSMo 1994, upon being charged with, while in an intoxicated condition, having operated a motor vehicle with criminal negligence so to cause the death of Amanda Pruitt

February 1, 1999 Petitioner sentenced to three years' confinement in the Department of Corrections for involuntary manslaughter

June 9, 1999 Petitioner notified that his privilege to drive a motor vehicle in Missouri would be revoked for one year effective July 11, 1999, for accumulation of traffic convictions based on 12 points assessed (pursuant to § 302.302.1(11), RSMo Cum.Supp. 1997) to petitioner's driving record for involuntary manslaughter, DWI, conviction

June 9, 1999 Petitioner notified that his privilege to drive a motor vehicle would be denied for five years, pursuant to § 302.060(10), RSMo Cum. Supp.1997, for being convicted of vehicular manslaughter while operating a vehicle in an intoxicated condition

February 20, 2001 Petitioner permitted to withdraw plea of guilty to involuntary manslaughter while in an intoxicated condition that was entered November 13, 1998

February 20, 2001 Substitute information filed in criminal case in which petitioner had originally pleaded guilty to involuntary manslaughter in an intoxicated condition—new charge involuntary manslaughter by recklessly causing the death of Amanda Pruitt pursuant to § 565.024.1(1), RSMo Cum.Supp.1997

February 20, 2001 Petitioner pleaded guilty to involuntary manslaughter by recklessly causing death of Amanda Pruitt as charged by substitute information filed that date; sentenced to three years' confinement in the Department of Corrections with credit for time served and suspended execution of sentence as to remaining time

March 1, 2001 Petitioner notified five-year license denial cancelled and 12 points added to driving record based on February 20, 2001, conviction; privilege to drive a motor vehicle revoked for one year effective April 2, 2001

Petitioner sought administrative review as permitted by § 536.100, RSMo 2000. Following trial, the circuit court entered judgment stating that since the suspension was the result of the same incident for which there had been an earlier suspension, it should be set aside. The circuit court "overruled, set aside, and held for naught" the director's revocation of petitioner's privilege to drive a motor vehicle that had been entered effective April 2, 2001.

The director asserts one point on appeal. The director argues that the circuit court erred in overruling the decision to revoke petitioner's driver's license; that the circuit court "misstated and misapplied the law in that the Director is required, pursuant to §§ 302.302 and 302.304 [RSMo 2000] to assess points to a person's driver's license after every enumerated conviction and to revoke that person's driving privileges if their total points exceed statutory maximums and neither the Director nor the courts may give credit for any other time periods of suspension or revocation, even where the second conviction resulted from the same incident as the first."

The director relies on § 302.302 and § 302.304, RSMo 2000, as support for the

issue raised by this appeal. Section 302.302.1 states, in applicable part:

> The director of revenue shall put into effect a point system for the suspension and revocation of licenses. Points shall be assessed only after a conviction or forfeiture of collateral. The initial point value is as follows:
>
> . . .
>
> (11) Any felony involving the use of a motor vehicle. . . . . 12 points

Section 302.304 states, in applicable part:

> 1. The director shall notify by ordinary mail any operator of the point value charged against the operator's record when the record shows four or more points have been accumulated in a twelve-month period.
>
> . . .
>
> 3. The director shall suspend the license and driving privileges of any person whose driving record shows the driver has accumulated eight points in eighteen months.

*Justis v. Wilson,* 18 S.W.3d 606 (Mo. App.2000), explains the mechanics of those statutes:

> Sections 302.302 and 302.304 instruct the Director to set up a point system for traffic violations, and provides for the suspension or revocation of an individual's driver's license due to an accumulation of points within a certain period of time. *James v. Director of Revenue,* 893 S.W.2d 406, 407 (Mo.App.1995). "The statutes grant the Director no discretion from revoking the driving privileges where the accumulation of points meets the statutory amount." *Id.*
>
> The point values assessed for various traffic offenses is established by § 302.302.1. . . .
>
> . . .
>
> This court has found that a circuit court's discretion is also limited by the provisions of § 302.304. *Brown [v. Director of Revenue],* 772 S.W.2d [398] at 400 [(Mo.App.1989) ]. "Although the circuit court is a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power." *Id.* When the Director presents evidence that a driver has accumulated twelve points in twelve months, the court is compelled to follow the mandate of the statute to revoke the driver's license and cannot exercise its discretion to fashion any other remedy. *Id.* The court only has the power to sustain the revocation if the Director meets his burden of proof by proving that the driver accumulated twelve points in twelve months. *Id.*

*Id.* at 609–10.

The director's argument that the circuit court erred in overruling the revocation of petitioner's driver's license based on the February 20, 2001, conviction is well taken. The director had no discretion but to revoke petitioner's driver's license. *Justis v. Wilson, supra.* Consequently, the circuit court, being engaged in a special statutory power, had no jurisdiction to set aside the director's action. The judgment must, therefore, be reversed.

The record on appeal reflects, however, that the director set April 2, 2001, as the effective date of the revocation of petitioner's driving privileges. Following the conviction on November 13, 1998, that was subsequently set aside, petitioner's privilege to operate a motor vehicle was revoked effective July 11, 1999. This court concludes that, under the unique facts of this case, the director erred in failing to designate the effective date for revocation of driving privileges required by the February 20, 2001, conviction to be July 11,

1999. The selection of a date other than July 11, 1999, as the effective date for the revocation, under the circumstances of this case, was arbitrary and unreasonable. *See* § 536.140.2(6), RSMo 2000.

The judgment setting aside the revocation is reversed. Rule 84.14 permits the appellate court to give such judgment as the trial court ought to have given. In this case, the effective date for the revocation should have been July 11, 1999. Accordingly, the case is remanded with directions to enter judgment sustaining the director's revocation of petitioner's driving privileges for one year but effective July 11, 1999.

SHRUM, J., and MAUS, Sr. J., concur.