**Jimmy L. WHITE, Appellant,**

v.

**Richard C. KING, Director of Revenue, Respondent.**

**No. WD 36329.**

Missouri Court of Appeals, Western District.

Oct. 29, 1985.

Milton Harper, Powell, Seitz & Harper, Columbia, for appellant.

Paul Oesterreicher, Pros. Atty., Moberly, for respondent.

Before SHANGLER, P.J., and TURNAGE and BERREY, JJ.

**SHANGLER, Presiding Judge.**

The Director of Revenue determined that White was not eligible for a drivers license until ten years from October 27, 1983, the date of the third conviction against him for driving while intoxicated. The terms of § 302.060, RSMo 1978 mandate that the "director shall not issue [for ten years] any license hereunder ... [t]o any person who has been convicted more than twice of violating the laws of this state relating to driving while intoxicated." The records show that White has three convictions for the offense. White acknowledges the effect of the statute, but contends it was improperly applied against him.

White was convicted three times in a state court for driving while intoxicated: August 13, 1969 in Chariton County; January 16, 1978 in Chariton County; and October 27, 1983 in Randolph County. The conviction of August 13, 1969 was prosecuted under a Missouri Uniform Traffic Ticket and entered by the magistrate on the Appearance, Plea of Guilty and Waiver executed by the signature of the defendant White on the reverse sheet of that formal information. That record—nor any other—however, does not recite that White was represented by counsel, nor a knowing and voluntary waiver of the right to counsel.[1] In fact, as the parties stipulate, the guilty plea was uncounseled. The magistrate assessed a fine of $100 and costs, but imposed no jail sentence.

White argues that the first conviction, that rendered on August 13, 1969 in Chariton County, may not be used to invoke the license forfeiture provision of § 302.060 because he was not then represented by counsel, nor did he waive counsel. White argues that an uncounseled DWI conviction can no more enhance a period of licensure ineligibility than enhance a criminal penalty. He argues in effect that the DWI

---

1. Appearance, Plea of Guilty and Waiver

I, the undersigned, do hereby enter my appearance on the complaint (or information) of the offense charged on other side of this summons. I have been informed of my right to a trial, that my signature to this plea of guilty will have the same force and effect as a judgment of court, and that this record will be sent to the licensing authority of this state. I do hereby plead guilty to said offense as charged, waive my right to a hearing by the court, and agree to pay the penalty prescribed for my offense.

convictions which precondition the license forfeiture under § 302.060 must satisfy the same standard of validity required of convictions to enhance criminal punishments. White cites *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) to sustain contention.

*Baldasar* decides that a prior uncounseled conviction could not be used to enhance punishment in a criminal case—specifically, to convert a subsequent misdemeanor into a felony with a prison term. *Baldasar* culminates the development of the principle, begun in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that the Sixth Amendment right to assistance of counsel in a criminal case is fundamental to a fair trial and is made applicable to the several states through the Fourteenth Amendment. *Gideon* rendered it unconstitutional to try a defendant for a felony in a state court unless he had counsel, or validly waived counsel. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) then decided that the admission of a prior uncounseled felony [a constitutionally infirm conviction under *Gideon*] to enhance punishment was inherently prejudicial. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) extended the right to counsel to cases of misdemeanor where a prison sentence is imposed. *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) confirmed that *Argersinger* delineated the constitutional right to [appointed] counsel to cases where a prison term was imposed. *Baldasar* completed the analogy of principle by the decision that an uncounseled misdemeanor conviction may not be used with constitutional propriety to enhance punishment—to convert a subsequent misdemeanor into a felony with a prison term.

■ The principles of *Burgett* and *Baldasar* are applicable to punishment for driver offenses, so that a prior uncounseled misdemeanor DWI conviction may not predicate enhancement of a subsequent DWI misdemeanor into a felony. *State v. Wilson*, 684 S.W.2d 544, 546 (Mo.App.

1984); *see* §§ 577.023.1(1) and 577.023.3, RSMo Cum.Supp. 1985. That rule of constitutional principle does not appertain to the proceeding before the Director of Revenue simply because that was a civil, not a criminal case, and the forfeiture of driver eligibility that determination imposed was not a criminal penalty, by imprisonment or otherwise. *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602[2–6] (Mo. App.1978). The grant of a license to drive is an exercise of the police power of the state, and is subject to suspension or revocation as the law may provide. *Williams v. Schaffner*, 477 S.W.2d 55, 56 (Mo. banc 1972). The purpose of an enactment such as § 302.060 to deny or delimit driver licensure to persons underage, addicts, drunkards and recurrent intoxicated violators, is not to punish a licensee, but to protect the public. *State v. Byerly*, 522 S.W.2d 18, 21[5] (Mo.App.1975).

■ The gamut of decision from *Gideon* to *Baldasar* affirms and reaffirms that a *conviction and imprisonment* of an uncounseled defendant may not stand nor serve as predicate for an enhanced term of imprisonment in a subsequent criminal proceeding. That is the full range of the collateral effect developed constitutional principle accords to prior convictions rendered invalid by want of counsel. The order of the Director of Revenue to deny White eligibility to drive for ten years, albeit on the predicate of an uncounseled prior misdemeanor conviction, imposes a revocation of privilege and imposition of civil forfeiture, and not a criminal penalty. Quite simply, the rule in *Baldasar* that prior uncounseled misdemeanor convictions are without effect to enhance punishment by *prison term* in a subsequent proceeding has no application in a proceeding where *no prison term* was imposed. The rule in *Baldasar* has no application for an even more fundamental reason: the August 13, 1969 conviction in Chariton County did not result in imprisonment, but only in a money fine. There is no constitutional impediment to an uncounseled misdemeanor conviction where a prison term is not imposed. *Ar-*

*gersinger,* 407 U.S. 25 at 37, 92 S.Ct. 2006 at 2012.

 Thus, that White was uncounseled at the Chariton County conviction could not affect its efficacy in any subsequent proceeding—criminal or civil—where that conviction serves as the basis for enhancement of penalty or imposition of sanction.

 However invalid an uncounseled conviction may be as a predicate for a subsequent enhancement of punishment which results in imprisonment, the conviction itself—unchallenged by habeas corpus or appeal or other timely remedy to avoid the judgment—remains intact as a prima facie adjudication. The *fact* of the Chariton County conviction, therefore, remains. *State v. Wilson,* 684 S.W.2d 544, 548[6, 7] (Mo.App.1984); *State v. Henderson,* 549 S.W.2d 566, 568 (Mo.App.1977). It is the *fact of the prior convictions for driving while intoxicated under the laws of this state* which invokes the mandate of the Director of Revenue under § 302.060 to forfeit the licensure of that driver for ten years, and not the validity of those convictions for collateral criminal law purposes.

White contends also that the conviction of August 13, 1969 was invalid because rendered in violation of then Rule 29.02 [now Rule 31.03]. The rule as then formulated provided:

### Presence of Defendant, When Required

No person shall be tried upon an indictment or information for a felony unless he be personally present during the trial; *nor shall any person be tried for or be allowed to enter a plea of guilty of a misdemeanor unless he be personally present or the court and prosecuting*

attorney consent to such trial or plea in the absence of the defendant.[2]

The parties stipulate as fact what the signature of the defendant to the Appearance, Plea of Guilty and Waiver attest: that the conviction was entered on a plea of guilty without the presence, in proper person, of the defendant. White contends that the record, moreover, does not affirmatively show that the court and prosecutor consented to the plea in his absence, hence neither condition for the entry of a valid misdemeanor judgment was met.

 Our decision, *State v. Pfeifer,* 544 S.W.2d 317, 321[4–6] (Mo.App.1976), holds that the literal text of former Rule 29.02 notwithstanding, a misdemeanant defendant—not before the court in very person—may not be convicted even by plea of guilty unless upon his request that the cause proceed in his absence. It is a fact the record of proceedings must show affirmatively. The consent of the court and prosecutor to proceed in the absence of the defendant under Rule 29.02, moreover, must be the response to such a request. *Pfeifer* [3] merely confirms a rule of law and definition of procedure already delineated by our supreme court en banc. *State v. Cook,* 432 S.W.2d 345 (Mo. banc 1968); *State v. Norton,* 347 S.W.2d 849 (Mo. banc 1961). White argues that in fact the record does not show that the plea of guilty to the Chariton County magistrate on August 13, 1969 was entered upon his request as an absent defendant, therefore the principle of *Pfeifer* renders that conviction void and insufficient as a basis for the adjudication of license forfeiture under § 302.060. That argument aberrs both in fact and in principle.

---

2. Rule 31.03, effective January 1, 1980, reformulates that component of the predecessor rule by the requirement of the concurrent agreement of the defendant also:

> (a) No trial shall be conducted or a plea of guilty entered unless the defendant is present, except that in a misdemeanor case the court, the prosecuting attorney, and the defendant may agree that the defendant need not be present.

3. It was the *Pfeifer* cogent and explicated reaffirmance of the *Norton* and *Cook* principle no doubt which prompted the revised Rule 31.03 to postulate the agreement of a misdemeanant defendant that the cause may proceed in his absence as an indispensable component of a valid proceeding under that rule.

 The facts of *Pfeifer* were, simply, that counsel entered a plea of guilty to a criminal charge [DWI] for the absent defendant, and without his authority or request. The record showed only the appearance of counsel and the entry of the plea—but not the request of the defendant for the adjudication of the cause in his absence. *Pfeifer* held [at 321[4, 5]] that before a misdemeanant defendant may be convicted in his absence under Rule 29.02 [now Rule 31.03], the record must affirmatively show that the defendant requested the cause to proceed in his absence. The record in *Pfeifer* did not demonstrate such a request, or that the trial of the cause by the prosecutor to the court was in response to such a request. In the case under review, however, White by personal signature on the official information waived right to a hearing by the court and agreed to the imposition of penalty. White consented to conviction in his absence: "[M]y signature to this plea of guilty will have the same force and effect as a judgment of court." Were we to assume that the Appearance, Plea of Guilty and Waiver by the defendant White did not amount to *request,* the principle of *Pfeifer* does not appertain to a civil judgment: the license forfeiture imposed by the order of the Director of Revenue.

 *Pfeifer* was a case where a prior DWI conviction was pleaded in the information as the basis for enhancement of punishment in a subsequent DWI prosecution. The efficacy of the prior conviction as the predicate for enhanced penalty was challenged on the basis that the plea of guilty upon which the prior conviction rested was entered in the absence of the defendant and without his request, and hence in violation of then Rule 29.02. *Pfeifer* determined that the conviction on the plea of guilty entered by counsel for the absent defendant, but without his authority or request was not valid as a predicate to enhance punishment in a subsequent DWI prosecution under the criminal statute. The conviction in Chariton County, however, is not proposed to enhance punishment in another criminal case. The order

of the Director of Revenue which invokes the Chariton County conviction to deny the drivers license is in a civil action. The breach of Rule 29.02 prejudices a defendant and results in reversal on appeal and remand for new trial. *State v. Cook,* 432 S.W.2d 345 (Mo. banc 1968). White did not appeal nor otherwise challenge the Chariton County conviction, however. It remains intact as a prima facie criminal adjudication of a DWI charge. It is [once again] the *fact of the prior convictions for driving while intoxicated under the laws of this state* which invokes the mandate of the Director of Revenue under § 302.060 to forfeit the licensure of that driver for ten years, and not the validity of those convictions for collateral criminal law purposes.

The decision of the Director of Revenue is affirmed.

All concur.