**Robert L. EATON, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

**No. 20529.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 29, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, James R. Layton, Assistant Attorney General, Jefferson City, for respondent-appellant.

Jeffrey L. Dull, Osceola, for petitioner-respondent.

BARNEY, Presiding Judge.

The Director of Revenue (Director) appeals the decision of the trial court reinstating the driving privileges of Robert L. Eaton (Respondent). Respondent has been convicted three times of alcohol related offenses.

Each conviction was the result of a guilty plea. The first occurred on February 1, 1969, in St. Clair County for driving while intoxicated. The second occurred on February 18, 1974, in Cedar County for driving while intoxicated and the third on December 23, 1993, in St. Clair county for driving with excessive blood alcohol.[1]

After Respondent's one year revocation period resulting from his third plea, he followed the necessary steps to have his license reinstated.[2] The Director denied his application for a new license for a period of ten years from the date of his last offense, pursuant to § 302.060(9)[3], discussed more fully below.

Respondent filed a Petition for Review in the Circuit Court of St. Clair county. A de novo hearing was held pursuant to § 302.311, RSMo1994 at which the Director failed to appear. Evidence was presented by Respondent and the trial court granted the petition and enjoined the Director from denying Respondent a license under § 302.060(9).[4]

█ In her sole point on appeal, the Director states that the trial court erred in enjoining the Director from denying a license to Respondent as the injunction required the Director to act contrary to § 302.060(9) in that Respondent has been convicted more than twice in state court of crimes "relating to driving while intoxicated."

As this was a court tried case, our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and we will uphold the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously applies or declares the law. *Appleby v. Director of Revenue*, 851 S.W.2d 540, 542 (Mo.App.1993).

Section 302.060(9) reads, in pertinent part, as follows:

The director shall not issue any license hereunder:

. . . . .

(9) To any person who has been convicted more than twice of violating state law **or a county cr municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing,** relating to driving while intoxicated. . . . (Emphasis added.)

The highlighted portion of the statute is the result of a 1991 amendment that included county and municipal convictions, as well as state convictions, relating to alcohol driving offenses. The parties in this appeal engage in a debate over whether the statutory phrase, "where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing," was meant to apply only to county and municipal convictions or whether there must be evidence presented that these procedural safeguards were applicable to state convictions as well.

Respondent contends this phrase was meant to apply to state convictions as well as county and municipal convictions. Therefore, because the Director failed to present evidence at the instant hearing that in each of the state convictions the judge was an attorney and Respondent was either represented or waived the right to an attorney in writing, the ten year license denial, pursuant to § 302.060(9), has no application as to him.

The Director takes the opposite approach and argues that procedural safeguards (as to

1. The first two convictions were pursuant to § 564.440, RSMo Cum.Supp.1967 and RSMo1969, respectively (currently § 577.010) relating to driving while intoxicated. The third was pursuant to § 577.012, RSMo1986 relating to driving with excessive blood alcohol content. Both offenses are considered crimes "relating to driving while intoxicated" as required by § 302.060(9), discussed *infra*. *See Adkisson v. Director of Revenue*, 918 S.W.2d 263, 264 (Mo. banc 1996).

2. Respondent's license was revoked pursuant to § 302.304.6, RSMo1994. That revocation is not at issue here.

3. All statutory references are to RSMo Cum. Supp.1993, unless otherwise indicated.

4. The trial court determined that the judge in each of the three cases was an attorney and further determined that Respondent was not represented by counsel in the 1969 and 1974 cases, nor did he execute a written waiver of his right to counsel in the two cases.

each judge in a state case being an attorney and a defendant being accorded an attorney or waiving the same in writing) were already in place regarding state convictions in 1991 when the amendment to § 302.060(9) was enacted. Therefore, the Director argues the legislature would not require proof on a matter already required by either Rule 24.02 or § 600.051.[5]

The primary task of statutory interpretation is to determine the intent of the legislature in enacting the statute at issue and to give effect to that intent. *Fowler v. Director of Revenue*, 823 S.W.2d 134, 135 (Mo.App.1992); *Tribune Pub. Co. v. Curators of the Univ. of Mo.*, 661 S.W.2d 575, 583 (Mo.App.1983).

The first source to determine the intent of the legislature is the words and phrases used in the statute. *Fowler*, 823 S.W.2d at 135. However, a proper analysis does not stop with an examination of the bare words alone, but also considers the context in which they are used, the purposes the legislature intended to accomplish and the evils it intended to cure. *Wilson v. Director of Revenue*, 873 S.W.2d 328, 329 (Mo.App.1994); *Fowler*, 823 S.W.2d at 135. A statute must not be narrowly interpreted if such an interpretation would defeat the purpose of the statute. *Wilson*, 873 S.W.2d at 329; *Appleby*, 851 S.W.2d at 541. It is assumed that the intent of the legislature in enacting a statute is to serve the best interests and welfare of the citizenry at large. *Tribune*, 661 S.W.2d at 583.

We note that the "judge/attorney and represented by/waived attorney" language added by Senate Bills 125 and 341 (1991), effective July 1, 1992, was not only made applicable to § 302.060(9), but to a number of other sections relating to alcohol abuse offenses and, in particular, to those which formerly recognized only state convictions.

These pertinent sections are: § 302.060(10), § 302.309.3(5)(a); § 302.541, § 577.023, § 577.500.1(2), § 577.500.1(3) and § 577.500.1(5).

It is clear, by reading these statutes *in pari materia,* that the intent of the legislature was to give municipal and county convictions, that met the procedural safeguards required of state court convictions, the same force and effect as their counterpart state convictions in denying licensure to repeat alcohol abuse offenders.

The problem the legislature sought to address in § 302.060(9) is the threat to life and property posed by those who repeatedly drink and then drive. *See Appleby*, 851 S.W.2d at 541. Its purpose, then, is to protect the public, not to punish the licensee. *Wilson*, 873 S.W.2d at 329.

It is unlikely that the legislature was purposely creating a procedural haven for those who repeatedly violated statutes related to driving while intoxicated. Further, it is clear that the legislature would not create a redundancy by making the "judge/attorney and represented by/waived attorney" language applicable to state convictions, when it would serve no further purpose in protecting a defendant's rights.

In *State v. Sparks*, 916 S.W.2d 234 (Mo. App.1995), the Eastern District Court of Appeals interpreted the sufficiency of an information charging the defendant in that case with being a persistent offender, in accordance with § 577.023, RSMo1994. In pertinent part, the statute reads as follows:

(1) An **"intoxication-related traffic offense"** is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law *or a county or municipal ordinance, where the judge in such case was an attorney and the*

---

**5.** § 600.051, RSMo1994 and Rule 24.02, Missouri Rules of Criminal Procedure (1995) provide guidelines to be followed in cases where a jail sentence or confinement is possible. The statute and rule each provide that before a defendant may proceed without counsel, a knowing and intelligent waiver must be made and the waiver must contain specific, designated information and be signed by the defendant. Additionally,

before the court may accept a guilty plea from the defendant, there are requirements that must be fulfilled and additional guidelines to be followed. Section 600.051 was passed in 1976 and Rule 24.02 became effective in 1980. Neither of these procedural safeguards existed in 1969 and 1974 when Respondent received his first two convictions; *see also* Rule 31.02(a) Missouri Rules of Criminal Procedure (1995).

*defendant was represented by or waived the right to an attorney in writing."* (Italics added.)

The italicized portion of the statute was added in 1991 at the same time the nearly identical addition was made to § 302.060(9).

The court in *Sparks* held that the information charging the enhanced felony offense in question need only allege that the judge was an attorney and the defendant was represented by or waived his right to an attorney when a county or municipal ordinance had been violated, not when a state law had been violated. The court stated:

> Given the general provisions of Missouri law, requiring such allegations and proof would be redundant and would serve no further purpose in protecting defendants' rights. Therefore, we believe the allegations and proof that the judge in the case was an attorney and that defendant was represented by or waived the right to an attorney in writing are not applicable to violations of state law under this enhancement statute.[6]

*Sparks,* 916 S.W.2d at 236 (footnote added).

Respondent's original thesis must likewise fail on another ground. Respondent argues that because the Director failed to present evidence at the de novo hearing demonstrating that at the time of his previous convictions Respondent was represented by or waived the right to an attorney or that the judge was an attorney, § 302.060(9) would have no application to the Respondent.

Respondent's prior convictions, unchallenged by appeal or other timely remedies to avoid the judgments, result in their remaining intact as a prima facie adjudication. *White v. King,* 700 S.W.2d 152, 156 (Mo.App. 1985).

In *White,* the appellant had previously been convicted three times in state court for driving while intoxicated. It was stipulated that appellant's first conviction was uncounseled. Appellant argued that since his first conviction was uncounseled, the Director of Revenue was precluded from invoking the "license forfeiture" provision of § 302.060. He argued, in effect, that the DWI convictions which preconditioned the "license forfeiture" under § 302.060 must satisfy the same standard of validity required of convictions to enhance criminal punishments.

In its opinion, the reviewing court stated that the "rule of constitutional principle does not appertain to the proceeding before the Director of Revenue simply because that was a civil, not a criminal case, and the forfeiture of driver eligibility that determination imposed was not a criminal penalty, by imprisonment or otherwise." *White,* 700 S.W.2d at 155 (citing *Tolen v. Missouri Department of Revenue,* 564 S.W.2d 601, 602 (Mo.App. 1978)).

The court went on to state that, "[t]he order of the Director of Revenue to deny White eligibility to drive for ten years, albeit on the predicate of an uncounseled prior misdemeanor conviction, imposes a revocation of privilege and imposition of civil forfeiture, and not a criminal penalty." *White,* 700 S.W.2d at 155. The opinion concluded by stating that, "[i]t is the *fact of the prior convictions for driving while intoxicated under the laws of this state* which invokes the mandate of the Director of Revenue under § 302.060 to forfeit the licensure of that driver for ten years, and not the validity of those convictions for collateral criminal law purposes." *Id.* at 157.

The trial judge misapplied the law by enjoining the Director from denying Respondent a license. The judgment is reversed and the decision of the Director of Revenue is affirmed.

GARRISON and PREWITT, JJ., concur.

---

**6.** The provisions of Missouri law referred to by the *Sparks* court are Mo. Const. art. 5, § 21 (effective November, 1970); Mo. Const. art. 1, § 18(a) (effective 1875); Rule 31.02(a) (effective January, 1980); and § 600.051 (effective 1976).