Gregory A. DELINE, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. WD 51638.

Missouri Court of Appeals,
Western District.

Submitted Nov. 26, 1996.

Decided April 1, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Charles L. Gooch, Sp. Asst. Atty. Gen., Mo.
Dept. of Revenue, Jefferson City, for appellant.

Michael S. Holder, Columbia, for respondent.

Before LAURA DENVIR STITH, P.J.,
and ULRICH and SMART, JJ.

SMART, Judge.

In this case we address the issue of whether, in a proceeding related to a denial of a driver's license under § 302.060, RSMo 1994, there is any legal relevance to a license applicant's assertion that he was not provided counsel in connection with a prior state conviction for driving while intoxicated.

The Director of Revenue ("Director") appeals from a judgment of the trial court ordering that Gregory A. Deline's driving privileges be reinstated. Because we hold that the law requires that Mr. Deline's three prior convictions should all have been taken into account by the trial court, we conclude that the trial court erred in reinstating Mr. Deline's driving privileges. The judgment is reversed.

The Respondent, Mr. Deline, has been convicted three times of violating state law relating to driving while intoxicated. Following his last conviction, the Director of Revenue notified Mr. Deline that he was ineligible to drive for a minimum period of ten years because he had been more than twice convicted of offenses relating to driving while intoxicated. The Director relied upon § 302.060(9), RSMo 1994, which states, in pertinent part:

The Director shall not issue any license hereunder:

* * *

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated....

Gregory A. Deline was convicted on the following occasions: 1975 in Macon County, 1987 in Boone County, and 1988 in Boone County. After the completion of an administrative suspension, Deline applied for a new driver's license in 1995. In response, the Director sent a notice informing him that he was ineligible to receive a license because he had been convicted more than twice of driving while intoxicated. Deline challenged his ineligibility on the grounds that he had not

been represented by counsel, and had not waived his right to an attorney in relation to the 1975 conviction. He contends that the applicable statute, § 302.060(9), requires representation by an attorney, or the waiver in writing of the right to an attorney, before the conviction may be relied upon to disqualify him from eligibility.

A hearing on the matter was held on July 28, 1995. Deline testified in part as follows:

Q. Mr. Deline, were you represented by an attorney with respect to your July 14, 1975, Macon County conviction?

A. No.

Q. And did you waive your right to an attorney with respect to your July 14, 1975, Macon County conviction?

A. No.

The trial court found in favor of Deline and entered an order finding that Mr. Deline's "prior uncounseled driving while intoxicated conviction in Macon County, Missouri, on or about July 14, 1975, should not be considered in determining Petitioner's eligibility for a Missouri drivers license under § 302.060(9)...." The trial court ordered that the Director issue a driver's license to Deline. The Director appeals.

The Director contends that the requirement in the statutory section that a defendant be represented by counsel or have waived counsel in writing was intended to be applicable only to county or municipal ordinance violations. The Director argues that state law already provided for the right to counsel on state charges involving a possible sentence of incarceration, and that we may assume that the legislature did not intend to be redundant by specifying that state charges would be considered only if the right to counsel were provided. The Director contends that since the 1975 Macon County conviction at issue is a **state** conviction, the fact that Deline says that in that case he was not represented by an attorney and did not waive his right to an attorney is irrelevant.

The Director originally based her argument upon *State v. Sparks,* 916 S.W.2d 234 (Mo.App.1995). In Sparks, the Eastern District reviewed a defendant's guilty plea on the charge of driving while intoxicated,

§ 577.023, RSMo 1994. At issue was whether the defendant was a persistent offender, i.e., whether he had pleaded guilty to or had been found guilty of two or more traffic offenses that were related to intoxication. Section 577.023.1(1) contains the following definition:

An **"intoxication-related traffic offense"** is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing....

The definition in § 577.023.1(1) contains language that is identical to the language in § 302.060 that forms the center of the controversy in this case.

In *Sparks,* the defendant contended that § 577.023.1(1) required that the State allege, in relation to all prior offenses, that the judge was an attorney and that the defendant was represented by an attorney or had waived representation by an attorney in writing. *Sparks,* 916 S.W.2d at 235. The court did not agree. It held that those allegations were required only in relation to the violation of a county or municipal ordinance. *Id.* at 236. The court noted that, even prior to the 1991 amendment to the statute, the right to counsel was required to be afforded to any defendant facing the threat of imprisonment. Mo. Const. Art. 1, § 18(a); Rule 31.02(a). Also, written waiver of the right to counsel is required in such cases. Section 600.051, RSMo 1994. All state driving while intoxicated offenses include the possibility of a sentence of jail time. *Sparks,* 916 S.W.2d at 236. The court concluded, therefore, it would be somewhat redundant to require pleading and proof related to right to counsel as to such state offenses. *Sparks* declared that it was not necessary for the Director to plead and prove provision of counsel with regard to state offenses.

As Mr. Deline notes, *Sparks* did not indicate whether its rationale would apply even if licensee actually presents unrebutted evidence that no right to counsel was provided. Concluding that this case was distinguishable

from *Sparks* because Deline's conviction did not show he was provided the right to counsel, and because he *specifically testified* that he was not provided counsel in the 1975 conviction, this court issued an opinion on October 8, 1996, affirming the trial court's order. In our decision, we declined to be guided solely by the historical analysis of the legislation, but instead chose to base the decision, in large part, on the plain text of the statute and its emphasis on the right to counsel. According to a technical reading of the statute, no conviction, whether of state or municipal law, could be counted against the individual unless the right to counsel had been provided. Here, Mr. Deline said counsel had not been provided.

In so ruling, we initially considered the case to present an issue of first impression as to the facts before us. After handing down our decision on October 8, 1996, we learned that while this case was pending in our court, the Southern District had decided a case addressing the very issue in *Eaton v. Director of Revenue*, 929 S.W.2d 282 (Mo.App. 1996). The Director of Revenue moved for rehearing, relying on *Eaton*. Our subsequent review of *Eaton* has caused us to conclude that, had we been aware of *Eaton* at the time of our initial decision in this case, we would have found *Eaton* controlling. We granted rehearing, and now reverse the decision of the trial court.

In *Eaton*, the Director of Revenue appealed from the trial court's action in reinstating the driving privileges of Robert Eaton, who entered a guilty plea three times and had been convicted three times of state alcohol related offenses. *Id.* at 282–83. Mr. Eaton argued that the Director had failed to present evidence that in each of his convictions Eaton was represented by or had waived the right to an attorney. *Id.* at 283.

In reversing the decision of the trial court in *Eaton*, the Southern District found that the legislature had no intent to require a showing of provision of counsel as to state court convictions. Relying on logic and statutory history rather than a technical reading of the syntax of the statute, the court determined that the legislature did not intend to require the Director to prove that prior state

convictions were in fact counseled or that the judge in such a case was a lawyer. State law already so required and any prior state conviction as to which such protections were not provided could have been appealed on that basis.

The same was not true as to county or municipal convictions, which historically have been held to be valid even where not counseled and even if the judge was not an attorney. Perhaps for this reason, prior to 1991, the relevant statutes did not permit the Director to use a previous county or municipal conviction as a basis for refusing to issue a license to an applicant, whereas they did permit a prior state conviction to be used as the basis for refusing issuance of a license, without regard to whether the prior state conviction was counseled or whether the judge therein was an attorney. In any event, when, in 1991, the legislature determined to permit the use of prior county or municipal convictions as a basis to refuse issuance of a license, it also added the proviso requiring a showing that the judge imposing the conviction was an attorney and that the defendant therein had counsel or waived the right to counsel in writing. In so doing, however, it placed a comma after, rather than before, the words "county or municipal ordinance," thus permitting the technical interpretation of the statute as requiring proof that even a prior state conviction was counseled and the judge was an attorney.

Considered in this context, we agree that the legislature did not intend to impose such a strict additional requirement on proof of prior state convictions in such an indirect manner. An additional factor favoring this view is that due process already protects the right of the defendant to have counsel, and a defendant already has the chance to attack his conviction if it was in fact uncounseled. It would be unnecessary to allow a collateral attack on the conviction by this means, particularly in light of the fact that the statute never previously required proof of counsel before using prior state convictions to support denial of a license.

Mr. Deline's 1975 conviction was a valid final judgment of conviction in a state court. The statute is interpreted to say that such a

conviction may be used as a basis to deny issuance of a license. We read the limitation on use of prior convictions to apply only to county or municipal convictions, which are often uncounseled and in which the judge often is not an attorney.

For these reasons, we hold that the trial court erred in ordering that Mr. Deline's driving privileges be reinstated. The judgment is reversed.

LAURA DENVIR STITH and ULRICH, JJ., concur.