James Farris McDONALD, Jr.,
Plaintiff–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Defendant–Appellant.

No. 22341.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 11, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mark D. Schoon, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

KENNETH W. SHRUM, Presiding Judge.

Missouri's Director of Revenue (Director) denied the application of James F. McDonald, Jr., (McDonald) for a driver's license. The denial was based on Director's position that because McDonald had been convicted of driving while intoxicated (DWI) more than twice within the ten years preceding his application for a driver's license, § 302.060 [1] prohibited Director from issuing a driver's license to McDonald until December 10, 2002.

On March 21, 1996, McDonald filed a petition asking the Circuit Court of Webster

---

1. All statutory references are to RSMo 1994 unless otherwise indicated. In so stating, we note that the Director denied McDonald's application for a license before the effective date of a 1996 amendment to § 302.060.

County to review Director's decision. Director's answer denied most of McDonald's allegations. Moreover, she "affirmatively" pleaded that McDonald had three or more DWI convictions "as evidenced by [McDonald's] driving record, which is attached hereto as Exhibit A and incorporated into this Answer." Exhibit A contained an affidavit by a custodian of Director's records in which she "certified pursuant to § 302.312, RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue."

Later, Director filed an "Amended Entry of Appearance and Answer" in which she incorporated the allegations of her original answer. Additionally, she "affirmatively" pleaded that McDonald had been convicted three or more times of DWI "as evidenced by [McDonald's DWI] tickets, which are attached as Exhibit B and incorporated into this Motion." Just like Exhibit A, Exhibit B contained an affidavit by the custodian of Director's records in which she certified, pursuant to § 302.312, that the attached traffic tickets were "exact duplicates of the original records lawfully filed or deposited with the Department of Revenue."

The trial court held an evidentiary hearing at which Director and McDonald stipulated that McDonald had "three prior convictions for driving while intoxicated or alcohol related BAC or DWI." They further stipulated that (1) two of McDonald's convictions occurred in Missouri and, in both cases, he was represented by an attorney, and (2) McDonald's third conviction occurred in Oklahoma where he was not represented by a lawyer and did not waive his right to counsel.

The trial court set aside Director's denial of McDonald's application for driver's license and ordered Director to issue the license. Director appeals from that judgment. We reverse.

As this is a court-tried civil case, our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976); *Eaton v. Director of Revenue*, 929 S.W.2d 282, 283 (Mo.App.1996). Accordingly, we will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or the trial court erroneously applied or declared the law. *Id.*

The statute upon which Director relied in denying McDonald's application for a license is § 302.060(9). In pertinent part, § 302.060(9) provides:

"The director shall not issue any license hereunder:

. . . .

"(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated. . . ."

Director's single point relied on maintains that the trial court erred in ordering Director to issue McDonald a driver's license because McDonald "has been convicted three times for violating *state law* relating to driving while intoxicated." (Emphasis added.) Director insists that the trial court incorrectly interpreted § 302.060(9) as requiring that a defendant be represented by or waive his right to an attorney in cases resulting in convictions under *either* state law *or* county/municipal ordinances. Director correctly asserts that case law clearly establishes that when § 302.060(9) says the judge must be an attorney and the defendant must be represented by or waive the right to an attorney, such requirements apply only to convictions under county/municipal ordinances. *See Deline v. Director of Revenue*, 941 S.W.2d 818 (Mo.App.1997); *Eaton*, 929 S.W.2d at 283–84[1]; *State v. Sparks*, 916 S.W.2d 234, 236 (Mo.App.1995).[2]

---

**2.** In 1996, the legislature amended § 302.060(9) as follows:

"The director shall not issue any license . . .:

. . .

" (9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated. . . ."

Here, the parties' stipulation clearly established that McDonald had two DWI convictions within the meaning of § 302.060(9), i.e., the two Missouri convictions where he was represented by an attorney. The stipulation also established that McDonald had a third DWI conviction which occurred in Oklahoma, that he was unrepresented, and did not waive his right to an attorney during the Oklahoma proceeding. Standing alone, the stipulation provided no clue as to whether the Oklahoma conviction was in violation of state law or a violation of a county or municipal ordinance.

Even so, Director points out that a certified copy of the Oklahoma traffic ticket was filed with the circuit court and that such record reveals that McDonald's conviction in Oklahoma was in violation of 47 Okl.St.Ann. § 11–902(A) (1992).[3] Thus, Director argues that the traffic ticket established that McDonald's conviction in Oklahoma was in violation of state law (not municipal or county ordinance) and, consequently, that McDonald had more than two DWI convictions within the meaning of § 302.060(9).

We agree with Director's position. The Oklahoma traffic ticket, which shows that McDonald's conviction in Oklahoma was in violation of state law, and the stipulation evidence establish without contradiction that McDonald had more than two DWI convictions as contemplated by § 302.060(9). To the extent that the trial court viewed § 302.060(9) as requiring that a defendant be represented by an attorney, or waive that right, in cases involving convictions of state law, it misapplied the law. *See Deline,* 941 S.W.2d 818; *Eaton,* 929 S.W.2d 282; *Sparks,* 916 S.W.2d 234. To the extent that the trial court found insufficient evidence to support Director's action, the court's finding was against the weight of the evidence and it misapplied the law.

Thus, by punctuation, the legislature confirmed the interpretation previously given that statute by the *Deline, Eaton,* and *Sparks* courts.

3. In pertinent part, 47 Okl.St.Ann. § 11–902(A) (1992) provides:

"A. It is unlawful ... for any person to drive, operate, or be in actual physical control of a motor vehicle within this state who:

The judgment of the trial court is reversed and the decision of the Director of Revenue is affirmed.

MONTGOMERY, J., and GARRISON, C.J., concur.

"1. Has a blood alcohol concentration as defined in Section 756 of this title, of tenhundredths (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person;

"2. Is under the influence of alcohol."