**James S. LANE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 74968.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 13, 1999.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Bucheim, Asst. Atty. Gen., Jefferson City, for appellant.

Malcolm H. Montgomery, Cape Girardeau, for respondent.

KENT E. KAROHL, Judge.

The Director of Revenue (Director) appeals the judgment of the trial court reinstating driving privileges of James Lane (Driver). We reverse.

On January 20, 1998, Director sent notice to Driver that his driving privileges were being denied for ten years pursuant to section 302.060, RSMo Cum.Supp.1998, for being convicted more than twice for driving while intoxicated (DWI). Director referred to three prior convictions occurring on September 14, 1977, August 22, 1983, and January 5, 1998. Section 302.311, RSMo 1994. Driver timely appealed the decision to the circuit court by filing a petition for review authorized by section 302.311, RSMo 1994. In his petition, Driver alleged that one or more of the DWI convictions was not valid.

On March 17, 1998, Director filed an answer, denying most of Driver's allegations. Director affirmatively pleaded that Driver had more than two DWI convictions. Director attached a copy of the Department's records, certified by the custodian of records "pursuant to section 302.312, RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue...." The records included a copy of Driver's "Missouri Driver Record", copies of the uniform traffic tickets issued in the three DWI cases, as well as his records of conviction for those cases. The driving record and tickets indicate that Driver has three prior DWI convictions: (1) 9/14/77 in Stoddard County; (2) 8/22/83 in St. Louis City; and (3) 1/5/98 in Cape Girardeau County.

A de novo hearing was held on Driver's petition on July 24, 1998. Driver and his counsel appeared. Director failed to appear for the hearing. Driver testified that when he pleaded guilty on 9/14/77 in Stoddard County to DWI, he was not represented by counsel and did not waive his right to counsel. The trial court found

that "petitioner was not represented by counsel, and did not waive his right to counsel as it pertains to the conviction for driving while intoxicated received on September 14, 1977." It entered judgment setting aside Director's ten-year denial of Driver's driving privileges. Director appeals.

Our review of this appeal is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and we will uphold the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Appleby v. Director of Revenue*, 851 S.W.2d 540, 542 (Mo.App. 1993).

On appeal, Director argues the trial court erred in setting aside the ten-year denial because Driver has been convicted three times for violating *state law* relating to DWI. Director contends that under section 302.060(9), no proof is required that Driver was either represented by counsel or waived his right to counsel in cases arising from violations of state law.

Section 302.060(9) provides:

The director shall not issue any license and shall immediately deny any driving privilege:

. . .

(9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated.

■ The Department of Revenue records show that Driver's DWI convictions were all for violations of state law.[1] For DWI convictions arising from violations of state law, section 302.060(9) does not require that a defendant be represented by

an attorney or waive that right. *McDonald v. Director of Revenue*, 985 S.W.2d 375, 377 (Mo.App. S.D.1999); *Deline v. Director of Revenue*, 941 S.W.2d 818, 820 (Mo.App. W.D.1997); *Eaton v. Director of Revenue*, 929 S.W.2d 282, 285 (Mo.App. S.D.1996). *See also, State v. Sparks*, 916 S.W.2d 234, 236 (Mo.App. E.D.1995). The provisions of Subsection (9) after "state law" are for the benefit of a licensee who is charged with violating County or Municipal ordinances. This conclusion is based on the fact that state law already requires that prior state convictions were in fact counseled or the defendant waived that right. *Eaton*, 929 S.W.2d at 285. Furthermore, as pointed out in *McDonald*, this conclusion is further buttressed by a legislative amendment to section 302.060(9) in 1996, which added a comma after "state law." *McDonald*, 985 S.W.2d at 376 n. 1. Therefore, to the extent the trial court viewed section 302.060(9) as requiring a defendant to be represented by counsel, or waive that right, in cases involving convictions of state law, it misapplied the law.

In response, Driver argues that there is no evidence adduced at the hearing to show that he had any DWI convictions, because Director failed to appear at the hearing and offered no evidence.

■ The Southern District of this court in *Eaton v. Director of Revenue*, 929 S.W.2d 282 (Mo.App. S.D.1996), reviewed a case where Director failed to appear at the de novo hearing and only licensee presented the only evidence. Licensee argued that Director failed to present evidence that in each of his convictions he was represented by counsel or waived that right. *Id.* at 285. Relying on *White v. King*, 700 S.W.2d 152 (Mo.App.1985), the Court found that Eaton's "prior convictions, unchallenged by appeal or other timely remedies to avoid the judgments, result in their remaining intact as a prima

---

1. The Cape Girardeau County conviction (1/5/98) was pursuant to section 577.010, RSMo 1994. The St. Louis City conviction (3/8/83) was pursuant to section 577.010, RSMo 1986. The disputed Stoddard County conviction (9/14/77) was pursuant to section 564.440, RSMo 1969.

facie adjudication." *Id.* Relying on the "fact" of Eaton's prior DWI convictions, the court reversed the trial court's decision enjoining Director from denying Driver a license. *Id.* We conclude the records filed by Director and not disputed by Driver, of prior state DWI convictions were sufficient, although those records were never formally introduced into evidence at trial. *Compare, McDonald,* 985 S.W.2d at 377 (appellate court relied upon certified copies of the driver's traffic ticket filed with the court prior to trial to support a finding that the conviction was for a violation of state law).

Finally, Driver argues the records from Stoddard County fail to show the court made a finding of guilty. The records support a finding Driver pleaded guilty and was assessed a fine of $100. Furthermore, Driver's driving record with the Department of Revenue records a conviction on 9/14/77.

The trial court erred in setting aside the ten-year denial of Driver's driving privileges. The judgment is reversed. We remand for reinstatement of the decision of the Director.

ROBERT G. DOWD, Jr., C.J. and JAMES A. PUDLOWSKI, J. concur.