Thomas Joseph **KAYSER**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. ED 76335.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 18, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Mark S. Levitt, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment setting aside the Director's ten-year denial of Thomas Joseph Kayser's (Driver) driving privilege and the circuit court's order to expunge Driver's 1981 driving while intoxicated (DWI) conviction from his driving record. The Director contends the circuit court erred in setting aside the ten-year denial of Driver's driving privilege because Driver could not collaterally attack his prior 1981 Phelps County DWI conviction in the administrative driver's license action. The Director further asserts the circuit court erred in ordering the expungement of all records relating to Driver's 1981 Phelps County DWI conviction because the circuit court lacked jurisdiction in that Driver did not seek expungement in his petition and did not plead a statute authorizing the expungement of that conviction. We reverse and remand.

The Director issued a ten-year denial of Driver's driving privilege under Section 302.060(9), RSMo Cum.Supp.1998, because Driver had more than twice been convicted of DWI.[1] The denial period was effective

---

1. Section 302.060(9), RSMo Cum.Supp.1998, provides, in pertinent part, as follows:

   The director shall not issue any license and shall immediately deny any driving privilege:

   * * *

   (9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the

beginning March 25, 1998, to continue through January 8, 2008, ten years from Driver's last DWI conviction.

Driver filed a petition for review in the circuit court contesting the Director's ten-year denial. In his petition, Driver acknowledged the Director of Revenue records showed he had been convicted of a DWI on March 27, 1981, October 26, 1988, and January 8, 1998. However, Driver requested that the ten-year denial be set aside because he either was not properly advised of his rights or did not knowingly waive his rights when he received these convictions. Driver asked the circuit court to order the Director to only impose a one-year revocation based on his latest DWI conviction. Driver's petition requested no other relief.

On March 22, 1999, the circuit court held a de novo hearing on Driver's petition for review. Driver's Missouri driving record and related documents were offered into evidence without objection. Driver's record showed and Driver acknowledged records of his DWI convictions under state law on March 27, 1981, in Phelps County; October 26, 1988, in St. Louis City; and January 8, 1998, in St. Charles County. Driver's driving record also showed he had two other municipal DWI convictions on May 20, 1981, in Florissant and September 6, 1978, in Florissant. At the hearing, Driver challenged only the 1981 Phelps County DWI conviction. Driver testified that although he had received a ticket in Phelps County in 1981 for DWI and posted a $100 bond, he never appeared in court, signed a guilty plea, retained or waived counsel, waived his appearance in court, entered a plea of guilty by mail, nor authorized the use of any bond money in lieu of punishment in writing or otherwise.

Following the hearing, the circuit court entered a judgment setting aside the Director's ten-year denial of Driver's driving privilege because with regards to the 1981 Phelps County DWI conviction Driver "never was represented by counsel, never appeared in [c]ourt, never entered a plea

right to an attorney in writing, relating to

of guilty nor ever waived any of his rights to be represented or to answer the charge." In addition, the circuit court also ordered all records of Driver's 1981 Phelps County DWI conviction expunged from his driving record. The Director now appeals.

Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The circuit court's decision will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32; *Lane v. Director of Revenue*, 996 S.W.2d 117, 119 (Mo.App. E.D.1999).

In his first point, the Director argues the circuit court erred in setting aside the Director's ten-year denial of Driver's driving privilege because Driver could not collaterally attack his prior 1981 Phelps County DWI conviction in an administrative driver's license action. We agree.

■ Driver's prior 1981 Phelps County DWI conviction, unchallenged by appeal or other timely remedies to avoid the judgment of conviction, results in it remaining intact as a prima facie adjudication. *See White v. King*, 700 S.W.2d 152, 156 (Mo. App. W.D.1985). In *White*, the driver had previously been convicted three times in state court for driving while intoxicated. *Id.* at 154. The director determined that he was, thus, not eligible for a driver's license for a ten-year period pursuant to Section 302.060, RSMo 1978. *Id.* It was stipulated that the driver's first conviction was uncounseled. *Id.* The driver argued that since he had not been represented by counsel at the hearing for his first conviction, the director was precluded from invoking the "license forfeiture" provision of Section 302.060, RSMo 1978. *Id.* The driver argued, in effect, that the DWI convictions which preconditioned the license forfeiture under Section 302.060, RSMo 1978, must satisfy the same standard of validity required of convictions to enhance criminal punishments. *Id.* at 155.

In its opinion, the court stated that the "rule of constitutional principle does not

driving while intoxicated.

appertain to the proceeding before the Director of Revenue simply because that was a civil, not a criminal case, and the forfeiture of driver eligibility that determination imposed was not a criminal penalty, by imprisonment or otherwise." *Id.* (citing *Tolen v. Missouri Department of Revenue,* 564 S.W.2d 601, 602 (Mo.App.1978)). The court went on to state that, "[t]he order of the Director of Revenue to deny [the driver] eligibility to drive for ten years, albeit on the predicate of an uncounseled prior misdemeanor conviction, imposes a revocation of privilege and imposition of civil forfeiture, and not a criminal penalty." *White,* 700 S.W.2d at 155. The court concluded by stating that, "[i]t is the *fact of the prior convictions for driving while intoxicated under the laws of this state* which invokes the mandate of the Director of Revenue under section 302.060 to forfeit the licensure of that driver for ten years, and not the validity of those convictions for collateral criminal law purposes." *Id.* at 157. (Emphasis in the original.)

■ However, Driver contends that under Rule 31.03 the conviction is void ab initio. Rule 31.03 provides in part, "[n]o trial shall be conducted or a plea of guilty entered unless the defendant is present, except that in a misdemeanor case the court, the prosecuting attorney, and the defendant may agree that the defendant need not be present." Driver's contention is flawed as this was not the appropriate action to attack the validity of the 1981 Phelps County DWI conviction, and he cites no authority for his contention that the conviction is void ab initio. A driver cannot collaterally attack previous convictions in an action to challenge a driver's license being revoked or suspended. *Crump v. Director of Revenue,* 948 S.W.2d 434, 435 (Mo.App. S.D.1997); *James v. Director of Revenue,* 893 S.W.2d 406, 407 (Mo.App. W.D.1995); *Stokes v. Director of Revenue,* 796 S.W.2d 887, 888 (Mo.App. E.D.1990).

Driver's prior 1981 Phelps County DWI conviction, unchallenged by appeal or oth-

er timely remedies to avoid the judgment of conviction, results in it remaining intact as a prima facie adjudication. *See White,* 700 S.W.2d at 156. Point granted.

In his second point, the Director contends the trial court erred in ordering the expungement of all records relating to Driver's 1981 Phelps County DWI conviction. The Director asserts that the circuit court did not have jurisdiction or authority to expunge those records because Driver's petition did not seek expungement of any records, and Driver did not plead a statute authorizing the expungement of that conviction.

■ Where relief granted by the circuit court was based upon grounds not raised in the petition for review, this court has found the circuit court's grant of relief improper. *Pointer v. Director of Revenue,* 891 S.W.2d 876, 878 (Mo.App. E.D.1995); *Stallmann v. Director of Revenue,* 816 S.W.2d 6, 7 (Mo.App. E.D.1991). Here, we agree with the Director that no request for expungement of Driver's record concerning the 1981 Phelps County DWI conviction was made in Driver's petition for review. Nor was any statute authorizing expungement of the conviction pleaded. Moreover, this was not an appropriate proceeding to allow Driver to attack the 1981 Phelps County DWI conviction, and therefore, expungement was not proper. Point granted.

The circuit court misapplied the law by setting aside the Director's ten-year denial of Driver's driving privilege and expunging Driver's record of the 1981 Phelps County DWI conviction. The judgement is reversed and the cause remanded to the circuit court with directions to set aside its judgment and reinstate the decision of the Director.

KATHIANNE KNAUP CRANE, P.J., and SHERRI B. SULLIVAN, J., concur.