**David L. UMMELMAN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 23989.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 19, 2001.

**652**

Jeremiah W. (Jay) Nixon, Atty. Gen., David M. Lieber, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

Thomas J. Kavanaugh, St. Louis, MO, for Respondent.

ROBERT S. BARNEY, Chief Judge.

The Director of Revenue ("Director") appeals the judgment of the Circuit Court of Reynolds County that set aside Director's ten-year denial of the driving privileges of David L. Ummelman ("Respondent"). Director raises one point of error discussed below.

The record shows that Respondent has had three state alcohol-related convictions. The first conviction occurred on January 4, 1985, in the Circuit Court of St. Louis, pursuant to Respondent's plea of guilty to driving while intoxicated. The second conviction occurred on October 11, 1994, in the Circuit Court of Iron County following a plea of guilty to driving with excessive blood alcohol content. The third conviction again occurred in the Circuit Court of Iron County on April 28, 1999, following its finding that Respondent was guilty of driving while intoxicated.

Subsequent to Respondent's one-year revocation period resulting from his third conviction, he took steps to have his license reinstated. Director denied Respondent's application and informed him that his license was suspended for ten years, pursuant to section 302.060(9), because he had been convicted more than two times for offenses "relating to driving while intoxicated." [1] Respondent seasonably appealed the decision of Director to the Circuit Court of Reynolds County, pursuant to section 302.311. The circuit court ordered Director to set aside the denial of Respondent's driving privileges. It also determined that Respondent "was not represented by an attorney nor did he waive his right to an attorney, in writing, on his January 4, 1985 St. Louis County Driving While Intoxicated conviction," which the circuit court found to be required "as a basis for a Ten Year Minimum License Denial under the provisions of § 302.060(9)...."

On appeal, Director posits circuit court error in ordering Director to reinstate the driving privileges of Respondent because section 302.060(9) calls for a denial of driving privileges when a driver has more than two state law violations involving alcohol related offenses, regardless of whether or not that driver was represented by counsel.[2]

---

1. Section 302.060 sets out, in pertinent part:

   The director shall not issue any license and shall immediately deny any driving privilege:

   ...

   (9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated....

   Statutory references are to RSMo 2000, unless otherwise set out.

2. A conviction for operating a motor vehicle with excessive blood alcohol content (BAC) is a violation of law "relating to driving while intoxicated," within the meaning of § 302.060. *Wilson v. Director of Revenue*, 873 S.W.2d 328, 329–30 (Mo.App.1994).

■ In reviewing a court-tried civil case, we adhere to the principles set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously applied or declared the law. *Kayser v. Director of Revenue,* 22 S.W.3d 240, 242 (Mo.App.2000); *McDonald v. Director of Revenue,* 985 S.W.2d 375, 376 (Mo.App.1999).

■ Citing *Eaton v. Director of Revenue,* 929 S.W.2d 282 (Mo.App.1996), Director argues that the language in section 302.060(9) applies only to ordinance violations of a county or municipality and does not apply to state law convictions. This Court agrees.

■ We initially observe that a "driver cannot collaterally attack previous convictions in an action to challenge a driver's license being revoked or suspended." *Kayser,* 22 S.W.3d at 243.

In *Eaton,* this Court determined that, *for purposes of the mandatory denial of driving privileges under § 302.060(9),* the "judge/attorney and represented by/waived attorney" language found in the statute *does not apply* to state convictions.[3] *Eaton,* 929 S.W.2d at 284.

Several cases have followed this Court's reasoning as set out in *Eaton.* In *Lane v. Director of Revenue,* 996 S.W.2d 117 (Mo. App.1999), the Eastern District of this Court observed that:

> For DWI convictions arising from violations of state law section 302.060(9) does not require that a defendant be represented by an attorney or waive that right. The provisions of subsection (9) after "state law" are for the benefit of a licensee who is charged with violating County or Municipal Ordinances. This conclusion is based on the fact that state law already requires that prior state convictions were in fact counseled or the defendant waived that right. Furthermore, as pointed out in *McDonald,* this conclusion is further buttressed by a legislative amendment to section 302.060(9) in 1996, which added a comma after "state law".

*Lane,* 996 S.W.2d at 119 (citations omitted); *see also McDonald,* 985 S.W.2d at 376; *Deline v. Director of Revenue,* 941 S.W.2d 818, 820 (Mo.App.1997).

■ Accordingly, to the extent that the circuit court viewed § 302.060(9) as requiring that a defendant be represented by an attorney, or waive that right, in cases involving convictions of state law, it misapplied the law. *McDonald,* 985 S.W.2d at 377; *Eaton,* 929 S.W.2d at 285. To the extent that the circuit court found insufficient evidence to support Director's action, the court's finding was against the weight of the evidence and it misapplied the law. *McDonald,* 985 S.W.2d at 377. The judg-

---

3. In *Eaton,* driver had been twice convicted of state law violations for driving while intoxicated and once for driving with excessive blood alcohol content. *Id.* at 283. This Court noted that the *Eaton* driver had not been represented by counsel in proceedings involving his first two convictions, nor had the driver waived his right to counsel in writing in these proceedings. *Id.* at 283 n. 4. However, relying on *White v. King,* 700 S.W.2d 152, 156 (Mo.App.1985), this Court found that driver's "prior convictions, unchal-

lenged by appeal or other timely remedies to avoid the judgments, result[ed] in their remaining intact as a prima facie adjudication." *Id.* at 285. This Court reasoned that " 'it is the *fact of the prior convictions for driving while intoxicated under the laws of this state* which invokes the mandate of the Director of Revenue under § 302.060 to forfeit the licensure of that driver for ten years, and not the validity of those convictions for collateral criminal law purposes.' " *Id.* (quoting *White,* 700 S.W.2d at 157).

ment of the circuit court is reversed and the decision of the Director is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.

