**John FOWLER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Appellant.**

**No. 60406.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1992.

Sandra Ann Mears, Jefferson City, for appellant.

Marsha Brady, Hillsboro, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue of the State of Missouri, appeals entry of an order of expungement by the Circuit Court of St. Charles County. We reverse.

On October 2, 1979, in the Circuit Court of St. Charles County, respondent John Fowler was convicted of driving with a blood alcohol content in excess of .10 percent. More than ten years later, on September 25, 1990, respondent was issued a ticket for driving while intoxicated (DWI) in the City of Bonne Terre. Pursuant to that citation, respondent attended an administrative hearing on November 26, 1990, regarding the suspension of his driving privileges. After the hearing, on December 10, 1990, respondent received notice that his license would be suspended effective December 25, 1990. Respondent's license was indeed suspended on that date.

The day after the hearing, December 11, 1990, respondent filed a petition pursuant to RSMo § 577.054 (Supp.1990) for expungement of the records regarding his October 2, 1979, conviction. In his petition, respondent alleged that he had not been convicted of any alcohol-related offenses and he had no other alcohol-related enforcement contacts during the ten years immediately proceeding the filing of his petition.

A hearing on respondent's petition was held on January 11, 1991, in the Circuit Court of St. Charles County. The case was continued to February 1, 1991, to permit appellant to file additional pleadings. On March 29, 1991, after hearing evidence and arguments from both sides, the trial court entered an order which, *inter alia*, granted respondent the expungement he requested in his petition. Appellant appeals this order.

■ This case presents an issue of statutory interpretation only. The proper resolution to the instant litigation may be defined through a careful analysis of the statute involved. The primary task of statutory interpretation is to determine the intent of the legislature in enacting the statute at issue and to give effect to that intent. *Community Federal Savings and Loan Assoc. v. Dir. of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988). The first source to determine the intent of the legislature is the words and phrases used in the statute. *Sermchief v. Gonzalas*, 660 S.W.2d 683, 688 (Mo. banc 1983). However, a proper analysis does not stop with an examination of the bare words alone, but also considers the context in which they are used and, importantly, the problem the legislature sought to address with its enactment. *Id.*

The statute at issue, RSMo § 577.054 (Supp.1990) provides, in relevant part:

**577.054. Alcohol—related driving offenses, expunged from records, when—procedures, effect-limitations**

After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement.

Thus, the statute puts forth a two-pronged test for expungement, and any potential petitioner must be able to satisfy both parts to be entitled to expungement of his record.

■ First, one must show that the violation complained of was a first offense, that it was a misdemeanor or a city or county ordinance violation, that it did not involve driving a commercial motor vehicle, and that the petitioner has not been convicted

of any other alcohol-related driving offense. *Id.*

Once the petitioner has met the somewhat mundane requirements of the first prong, the court is directed to look at the ten years immediately preceding the filing of the petition. In order to satisfy this second prong, the record of that ten-year period may not contain any convictions for an alcohol-related driving offense, nor may it contain any other "alcohol-related enforcement contacts." Alcohol-related enforcement contacts is a statutory term defined by RSMo § 302.525.3 (1986):

> For purposes of this section, **"alcohol related enforcement contacts"** shall include any suspension or revocation under sections 302.500 to 302.540, any suspension or revocation entered in this or any other state for a refusal to submit to chemical testing under an implied consent law, and any conviction in this or any other state for a violation which involves driving a vehicle while having an unlawful alcohol concentration.

It is clear from the statute that alcohol-related suspensions are included in the list of prohibited enforcement contacts, and any record of such a contact within the ten-year test period is grounds for denial of any expungement petition.

The record reveals respondent's petition was filed on December 11, 1990. Therefore, to be eligible for the relief requested, respondent must show that between December 11, 1980, and December 11, 1990, his record is devoid of (a) any alcohol-related driving convictions, and (b) any alcohol-related enforcement contacts. It is respondent's contention that, since his suspension did not become effective until December 25, 1990, the suspension fell outside the ten-year test period (December 11, 1980—December 11, 1990). In support of his position, respondent cites this court to language in *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397 (Mo. banc 1986), which states:

> This Court must be guided by what the legislature said, not by what the Court thinks it meant to say.

*Id.* at 401. While we agree with respondent that this is an accurate statement of the law of statutory construction, we disagree with its application in the case at bar.

The statute construed in *Metro Auto* concerned, *inter alia*, warnings placed on titles to automobiles suspected of having inaccurate odometer readings. The court found the statute to be clear and unambiguous and held there was no need or cause for statutory construction. *Metro Auto*, 707 S.W.2d at 405.

The statute in the present case is not so clear. As noted above, RSMo § 302.525.3 defines "alcohol related enforcement contacts" to include the suspension of a person's license. What is unclear from the statute is whether a suspension becomes an "alcohol related enforcement contact" when the person is notified of the suspension or when the suspension is effective.

RSMo § 302.500(7) defines the term "suspension" to mean "the temporary withdrawal by formal action of the department of a person's license." We believe that an "alcohol related enforcement contact" occurs when the "formal action" to withdraw a person's license is taken by the department and not at the future date when the suspension actually takes effect. To hold otherwise would be to ignore the definition of "suspension" provided by the legislature and be contrary to the clear intent of the legislature.

The decision of the trial court is reversed, and the case remanded for proceedings not inconsistent with this opinion.

REINHARD, P.J., and CRANE, J., concur.