**David C. RUSSELL, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 60625.**

Missouri Court of Appeals,
Western District.

Aug. 27, 2002.

Carl M. Ward, Clayton, MO, for Appellant.

Mavis T. Thompson, Jefferson City, MO, for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR. and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. David C. Russell appeals the judgment of the trial court which denied his Petition to Expunge his previous conviction for driving while intoxicated (DWI). We reverse.

## I. Factual and Procedural Background

On February 14, 2001, Mr. Russell filed a petition in the Boone County Circuit Court seeking an order, pursuant to § 577.054,[1] to expunge a misdemeanor conviction (for an alcohol related driving offense) from his driving record. On March 26, 2001, the Director of Revenue filed a Motion to Dismiss or Continue Petition for Expungement. On May 7, 2001, a hearing was held in this matter before the Honorable Jodi C. Asel.

At this hearing, the following facts were adduced. On January 24, 1984, Mr. Russell was convicted in the Boone County Circuit Court of operating a motor vehicle while intoxicated. From the years of 1985 to 1999, Mr. Russell was not cited or convicted for any alcohol-related driving offenses. Mr. Russell had never previously obtained an order of expungement pursuant to § 577.054. However, on June 3, 2000, Mr. Russell was arrested in Franklin County, Missouri, for driving while intoxicated. This arrest for driving while intoxicated occurred before he filed his petition to expunge the records of his conviction in 1984.

An administrative hearing by the Department of Revenue was held in regard to this June 2000 DWI offense. At this hearing, Mr. Russell, Mr. Russell's attorney, and the arresting officer were present. Upon conclusion of this hearing, the hearing officer found that the "evidence was insufficient to find that petitioner was arrested upon probable cause to believe that an alcohol-related traffic offense had been committed." Accordingly, because he prevailed in the administrative hearing, Mr. Russell's driving privileges were not rescinded or revoked. At the time of the

---

1. Unless otherwise indicated, all statutory citations are to RSMo 2000.

hearing on Mr. Russell's Petition to Expunge, the criminal prosecution in regard to this DWI charge (which is separate and distinct from the aforementioned hearing) was still pending, and a trial date had not been set.

Mr. Russell's Petition for Expungement was denied by the trial court. In so ruling, the trial court's reasoning was "based on the definition of 'suspension' in 302.500(7) RSMO, and the language in [*Fowler v. Dir. Of Revenue,*]" 823 S.W.2d 134 (Mo.App. E.D.1992), which led the trial court to conclude that Mr. Russell was not eligible for an expungement under § 577.054.

Mr. Russell brings one point on appeal, asserting that the trial court erred as a matter of law when it denied his Petition for Expungement. In making this argument, Mr. Russell asserts that he satisfied all of the requirements of § 577.054 "including, but not limited to, the requirement that he had no other alcohol-related convictions, suspensions, or revocations during the ten year period immediately preceding the filing of his petition."

## II. Standard of Review

The applicable standard of review was stated in *Murphy v. Carron*, which held that the judgment of the trial court should be upheld "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." 536 S.W.2d 30, 32 (Mo. banc 1976).

## III. Legal Analysis

■ Mr. Russell contends that the trial court erred when it denied his Petition to Expunge because he demonstrated that he satisfied all of the requirements of § 577.054. This statute provides, in relevant part, the following:

**Alcohol-related driving offenses, expunged from records, when—procedures, effect—limitations**

After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense ... and who since such date *has not been convicted* of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement. The effect of such order shall be to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never taken place ... A person shall only be entitled to one Expungement pursuant to this section ... (emphasis added)

In applying this statute to our case, it is important to realize that none of the relevant facts are in dispute by the parties. Mr. Russell was convicted of driving while intoxicated in 1984. It was not until the year 2000 that Mr. Russell was again arrested for driving while intoxicated. The critical question then is what impact this citation in 2000 should have had on his Petition to Expunge his 1984 conviction that was filed in 2001.

■ Section 577.054 states that if the petitioner "has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application

for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court *shall* enter an order of expungement." *Id.* (emphasis added). Accordingly, under the statute there are two ways one can become ineligible for a § 577.054 expungement because of a subsequent alcohol-related driving offense: 1) be "convicted" for this offense or 2) have an alcohol-related enforcement "contact" as defined in § 302.525. *See Fowler v. Dir. of Revenue*, 823 S.W.2d 134, 136 (Mo.App. E.D.1992). If an individual does not fall into one of the two aforementioned categories, and otherwise satisfies the other requirements of the statute, the trial court is required to expunge this prior offense. § 577.054. As such, this case turns on whether Mr. Russell's 2000 arrest falls into either of the previously mentioned disqualifying categories.

As to the "alcohol-related enforcement contact as defined in § 302.525," the Director of Revenue conceded in its brief and at oral argument, that Mr. Russell's arrest in 2000 cannot be deemed an "alcohol related contact." [2] Actually, the Director argues that under the statute (§ 577.054), the trial court did not err in denying Mr. Russell's Petition to Expunge because such a petition cannot be granted as a matter of law if the petitioner is *"convicted* of any alcohol-related driving offense in the ten years prior to the date of the application for expungement." § 577.054 (emphasis added). In making this argument, the Director of Revenue contends that the statute is ambiguous because "it is unclear whether the *conviction* must occur within the ten years prior to the date of the petition, or if the *offense* must occur within that time period." However, § 577.054 could not be any clearer in its requirement that petitioner not be *"convicted* of any alcohol-related driving offense in the ten years prior to the date of the application of expungement." *Id.* (emphasis added).

There can be no doubt that Mr. Russell had not been "convicted" of any such DWI violation prior to filing his petition in this matter. The DWI charge in 2000 had not gone to trial at the time he filed his petition in this matter, and § 577.054 provides that this conviction must occur "prior to the date of the application for expungement" for it to disqualify Mr. Russell's petition. *Id.* As such, regardless of the fact that the criminal prosecution of this matter was not finalized when Mr. Russell filed the petition in this matter, such a

**2.** It should be noted that we believe that the trial court erred in its judgment when it denied Mr. Russell's petition "based on the definition of 'suspension' in 302.500(7) RSMO, and the language in [*Fowler v. Dir. Of Revenue*,]" 823 S.W.2d 134 (Mo.App. E.D.1992). Neither source supports the result of the trial court's judgment. *Fowler* is easily distinguishable from today's case. That case dealt with a petitioner who had his license suspended after probable cause was found to support his driving while intoxicated arrest. *Id.* at 135. Mr. Russell's administrative hearing had the opposite outcome, with the hearing officer finding that "[t]he evidence was insufficient to find that petitioner was arrested upon probable cause to believe that an alcohol-related offense had been committed."

Moreover, *Fowler* is actually instructive as to why the trial court's other justification to deny the petition was flawed (under "the definition of 'suspension' in 302.500(7) RSMO"). Section 302.500(7) defines "suspension" as "the temporary withdrawal by formal action of the department of a person's license." *Id.* And as the *Fowler* court held, "an 'alcohol related enforcement contact' occurs when *the 'formal action' to withdraw a person's license is taken by the department.*" *Id.* at 136. (emphasis added). But because the hearing officer found that no probable cause existed to arrest Mr. Russell, no "formal action" was taken to withdraw his license. As such, the trial court's reasoning in denying Mr. Russell's petition was not correct.

subsequent resolution would be irrelevant to whether the trial court erred in denying his petition. It follows, then, that the trial court erred in denying Mr. Russell's Petition to Expunge.

## IV. Conclusion

Because the trial court erred in interpreting § 577.054 when it denied Mr. Russell's Petition to Expunge, we reverse. Accordingly, the judgment is remanded with instructions to grant Mr. Russell's petition.

HAROLD L. LOWENSTEIN, P.J., and JAMES M. SMART, J., concur.