**STATE of Missouri, Respondent,**

v.

**Leon James SHELTON, Appellant.**

**No. ED 94134.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 31, 2010.

Zachary W. Rennick, Washington, MO, for appellant.

Jonathan H. Hale, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

Appellant Leon James Shelton (Shelton) appeals from the trial court's judgment denying his Petition for Expungement (Petition) of his prior conviction for Driving While Intoxicated (DWI). Shelton contends that the trial court erred in denying his Petition because at the time of the hearing on the Petition, he had not been convicted of any other alcohol-related driving offenses and had no other alcohol-related contacts. Effective August 28, 2010, the Missouri legislature has enacted changes to the DWI laws, eliminating the ability of DWI offender to expunge a DWI criminal conviction while a second DWI charge is pending.[1] This court, however, is bound by the law as it is presently written, and we therefore reverse and remand.

## Background

In 1993 Shelton pleaded guilty to a misdemeanor DWI, under Section 577.010 RSMo 1982. On August 10, 2009, he filed the Petition to expunge his 1993 conviction. For support, he asserted that the 1993 conviction was his first alcohol-related driving offense while operating a non-commercial vehicle, that a period of ten years had passed since the conviction, and that since 1993 he had not been convicted of any other alcohol-related driving offenses or had other alcohol-related enforcement contacts, as defined in Section 302.525 RSMo.[2]

In response, the Missouri Department of Revenue (DOR) moved to dismiss the petition, attaching Shelton's driving record, which indicated a second misdemeanor DWI offense on April 18, 2009. The DOR's motion noted that on May 3, 2009 Shelton received notice that his driving privileges would be suspended effective 15 days from the date of the notice unless he requested a hearing. Shelton requested a hearing, which was pending as of the date of the motion.

The trial court denied Shelton's Petition. The court determined that the pending administrative suspension was an "alcohol-related enforcement contact," which rendered Shelton ineligible for expungement under Section 577.054. This appeal follows. In place of an appellate brief opposing reversal, the Director of Revenue has filed a memorandum in which it states that it "does not dispute [Shelton]'s entitlement to an expungement of the criminal records presented to the trial court."

## Standard of Review

■ This court will affirm the judgment of a trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

■ Section 577.054 currently provides that an individual who has been convicted of a first misdemeanor or ordinance alcohol-related driving offense of a non-commercial vehicle, shall, upon application, be granted an order of expungement of all official records if the court determines after a hearing that in the ten years prior to the date of the application such person has no other alcohol-related driving offenses and no other alcohol-related enforcement

---

1. Consequently, the applicability of our analysis in this case is very narrow.

2. All statutory references are to RSMo Supp. 2010, unless otherwise indicated.

contacts, as defined in Section 302.525. Section 577.054.1. Section 302.525 defines "alcohol-related enforcement contacts" as any suspension or revocation of driving privileges, or any conviction entered in Missouri or any other state involving a DWI. Section 302.525.3.

The trial court relied on *Fowler v. Dir. of Revenue,* 823 S.W.2d 134 (Mo.App. E.D. 1992) in denying the Petition, and Shelton relies on *Russell v. Dir. of Revenue,* 83 S.W.3d 72 (Mo.App. W.D.2002) on appeal. Neither case, however, is dispositive here. In *Fowler,* the defendant petitioned for expungement of a prior DWI conviction one day after his administrative hearing during which the DOR made a final determination to suspend defendant's license, effective in 15 days. This court held that the alcohol-related enforcement contact occurred when the DOR took formal action—by way of a final determination—to withdraw a person's license, not on the future date when the suspension was to take effect. *Fowler,* 823 S.W.2d at 134, 136. In *Russell,* the defendant petitioned for expungement of a prior DWI conviction following an administrative hearing during which the agency determined there was no probable cause to believe the defendant had committed an alcohol-related traffic offense and made a final determination not to suspend his driving privileges. *Russell,* 83 S.W.3d at 73–74.

Here, the record shows that at the time of the expungement hearing, the DOR hearing to revoke or suspend Shelton's driving privileges was still pending. When an individual requests a hearing on a license suspension—as Shelton did here—the suspension "shall be stayed until a final order is issued following the hearing." Section 302.525.1. Because any preliminary suspension by the DOR of Shelton's license had been stayed, there was no "formal action" against his license. Further, at the time of the expungement hearing Shelton had not been convicted of the misdemeanor DWI stemming from the April 2009 arrest. Thus, Shelton had had no alcohol-related enforcement contacts, and was eligible for expungement under Section 577.054. *See* Section 302.500(7) (suspension is temporary withdrawal of individual's license by formal action by DOR); *Fowler,* 823 S.W.2d at 136 (alcohol-related enforcement contact occurs when DOR takes formal action to withdraw person's license).

■ Effective August 28, 2010, Section 577.054.1 will specifically disallow expungement of a first DWI conviction if "other alcohol-related charges or alcohol-related enforcement actions [are] pending at the time of the hearing on the [expungement] application." MO H.B. 1695 (2010) (enacted). Because we must apply the laws as they are currently written, we conclude that Mr. Shelton was entitled to an expungement of his first DWI conviction. *See Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002) ("Courts must give effect to the language as written. They are without authority to read into a statute legislative intent contrary to intent made evidence by plain language.").

*Conclusion*

The judgment is reversed and remanded for further proceedings in accordance with this opinion.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.